BOOTH, Judge.
This cause is before us on appeal from the judgment and sentence of the Circuit Court, Duval County. The sole question presented is the constitutionality of Florida Statute, Section 947.16(3), which allows trial courts to retain jurisdiction over certain felony convictees for up to one-third of the maximum sentence imposed.
The facts are that appellant, defendant below, was indicted for murder in the first degree and entered a plea of not guilty. On September 8, 1978, he was permitted to withdraw his plea of not guilty and to enter a plea of guilty to murder in the second degree. On October 13, 1978, following the presentence investigation and hearing of witnesses, appellant’s counsel argued in mitigation of sentence; and the State orally invoked Florida Statute, Section 947.16(3). The Court adjudged the defendant guilty and sentenced him to 99 years. The Court further entered a written order pursuant to Section 947.16(3) pointing out the particularly heinous nature of the crime and retaining jurisdiction over the defendant for review of any release order of the Parole *838 and Probation Commission, pursuant to the Statute.
The record of the sentencing hearing reveals that appellant’s counsel objected to the invocation of Section 947.16(3) as follows:
[APPELLANT’S COUNSEL] “As far as the invocation of the Florida Statute, apparently recently passed, with the Court retaining jurisdiction, counsel for the State advised me of this approximately ten minutes before we came in before the Court, and as such I was certainly not in the position to explore the factual basis for it; however, I would object to the Court making findings for the invocation therefor without a full evidentiary hearing and the opportunity to present both sides of the question of whether or not it is appropriate in this case to invoke that particular section of the statute. I would couple it with the previous objections to the Constitutional grounds, both generally and as applied in this instance.”
The previous objection referred to above is counsel’s earlier statement that “I certainly believe there are serious constitutional questions relating to the statute . . . ” There was no definite constitutional issue asserted. The trial court did not rule on counsel’s objections on. constitutional grounds; and, in the absence of specific objection, no ruling on any constitutional issue can be implied from the trial court’s application of the statute. Harrell’s Candy Kitchen v. Sarasota-Manatee Air., 111 So.2d 439, 441 (Fla.1959).
Accordingly, the judgment below is affirmed.
McCORD and LARRY G. SMITH, JJ., concur.