397 So.2d 330 (1981)
David Ronald ARNETT, Appellant,
v.
STATE of Florida, Appellee.
No. VV-376.
District Court of Appeal of Florida, First District.
April 2, 1981.
Rehearing Denied May 11, 1981.
*331 Michael J. Minerva, Public Defender, Margaret Good, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Wallace E. Allbritton and Carolyn M. Snurkowski, Asst. Attys. Gen., and Margie Starnes, Legal Intern, Tallahassee, for appellee.
PER CURIAM.
The sole question presented in this appeal from the sentence imposed following appellant's plea of guilty to the offense of second degree murder is the constitutionality of Section 947.16(3), Florida Statutes (1979).
Under the provisions of Section 947.16(3), the trial court judge, at the time of sentencing for certain enumerated crimes, may enter an order retaining jurisdiction over the offender for review of a parole commission release order. The retention of jurisdiction is limited in its duration to the first one-third of the maximum sentence imposed. In retaining jurisdiction, the trial court judge must "state the justification with individual particularity". § 947.16(3)(a), Fla. Stat. (1979). Where jurisdiction has been retained, the parole commission must notify the original sentencing court of its release order. Within ten (10) days thereof, the original sentencing court must notify the parole commission of its desire to further retain jurisdiction. If the original sentencing court desires to further retain jurisdiction, the court, after review of the information upon which the parole commission's release order was based, may vacate the release order if it is found that "the commission's order is not based on competent substantial evidence or that the parole is not in the best interest of the community or the inmate". §§ 947.16(3)(e), (f), Fla. Stat. (1979). The statute further provides that the trial court judge's decision to vacate the parole release order is not appealable.
Appellant asserts the statute is unconstitutional because it violates Article II, Section 3, Florida Constitution, separation of powers, and the due process provisions of Article I, Section 9, Florida Constitution, and the U.S. Constitution. The State contends that appellant lacks standing to raise the constitutional issues and that the constitutional questions have not been adequately preserved for appeal.
Initially, we reject the State's argument that appellant lacks standing to challenge the constitutionality of Section 947.16(3). The trial court has entered an order retaining jurisdiction over appellant for review of a parole commission release order. In our view, neither the fact that the parole commission has not yet entered a release order nor the fact that the trial court judge has not yet vacated such parole release order deprives appellant of standing to challenge the statute's constitutionality. See State v. Benitez, 395 So.2d 514, 1981 FLW 319 (Fla. 1981). Additionally, we reject the State's assertion that appellant has not properly preserved his challenge to the statute. Appellant clearly objected to the invocation of Section 947.16(3) on specific constitutional grounds and the trial court ruled upon appellant's challenges. Contrast, Williams v. State, 378 So.2d 837 (Fla. 1st DCA 1979) [review granted Case No. 58,704]: Chatman v. State, 393 So.2d 557 (Fla. 4th DCA 1980).
Having disposed of these preliminary matters, we now consider the merits of appellant's constitutional challenges. Appellant asserts Section 947.16(3) violates Florida's constitutional separation of governmental powers. Art. II, § 3, Fla. Const. Appellant, relying upon Article IV, Section 8(c), Florida Constitution, submits that the parole powers are an executive function vested solely in the parole and probation commission. Appellant reasons, therefore, that Section 947.16(3) violates the constitutional provision regarding separation of governmental powers by usurping the parole function from the executive branch and assigning it to the judicial branch in certain circumstances. We find appellant's argument unpersuasive. Similar challenges have been made to legislation which forbids the parole of capital felons for twenty-five years, Section 775.082(1), Florida Statutes (1979), and which forbids the parole of convictees of specified crimes committed while *332 in possession of a firearm until after service of three years imprisonment, Section 775.087(2), Florida Statutes (1979). Such challenges have been consistently rejected. Dorminey v. State, 314 So.2d 134 (Fla. 1975); Owens v. State, 316 So.2d 537 (Fla. 1975); Sowell v. State, 342 So.2d 969 (Fla. 1977); Scott v. State, 369 So.2d 330 (Fla. 1979); Owens v. State, 300 So.2d 70 (Fla. 1st DCA 1974), appeal dismissed 305 So.2d 203 (Fla. 1974). The rationale of these decisions is that Article IV, Section 8(c) does not restrict the legislature from establishing minimum conditions under which parole may be granted. In effect, Section 947.16(3) merely establishes minimum conditions under which parole may be granted during the first one-third of the maximum sentence imposed. Such conditions are within the legislature's prerogatives and within its constitutional powers to prescribe punishment for crimes.
Appellant further asserts that Section 947.16(3) violates the due process provisions of Article I, Section 9, Florida Constitution and Amendments V and XIV, United States Constitution. Appellant contends the due process provisions are violated because the statute fails to specify standards which must be met before the sentencing court may retain jurisdiction, it fails to provide for notice of proceedings to retain jurisdiction or a hearing to defend against retention of jurisdiction, and because the statute prohibits an appeal from a trial court's decision to vacate a parole commission release order. Appellant's due process arguments are primarily premised upon his assertion that sentencing under Section 947.16(3) is akin to sentencing as an habitual offender pursuant to Section 775.084, Florida Statutes (1979). Relying upon Specht v. Patterson, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967); Eutsey v. State, 383 So.2d 219 (Fla. 1980); and Adams v. State, 376 So.2d 47 (Fla. 1st DCA 1979), appellant asserts Section 947.16(3) does not fulfill the due process requirements which must attend the imposition of an enhanced sentence.
We find that retention of jurisdiction under Section 947.16(3) is not analogous to proceedings under the habitual offender statute. See Moore v. State, 392 So.2d 277 (Fla. 5th DCA 1980) (Cowart, J., concurring specially). Invocation of Section 947.16(3) does not constitute an enhanced sentence nor is it dependent upon a new finding of fact that was not an ingredient of the offense charged. Rather, the invocation of Section 947.16(3) is similar to traditional sentencing procedures where, within limits fixed by the legislature, the trial judge is given broad discretion to determine the type and extent of punishment for convicted defendants. In such proceedings, the full range of due process rights is not required. Williams v. New York, 337 U.S. 241, 93 L.Ed. 1337, 69 S.Ct. 1079 (1949). The trial court judge's initial decision to retain jurisdiction is not subject to any statutory guidelines or criteria. See Moore, supra, at 279. The lack of statutory guidelines, however, does not create due process infirmities since the trial judge, in deciding to retain jurisdiction, is merely exercising his broad discretion to determine the appropriate sentence within the prescribed legislative limits. The statute itself provides the defendant adequate notice that the trial court judge may retain jurisdiction. An opportunity to defend against retention is provided by the right to offer "submissions and evidence ... which are relevant to the sentence" at the sentencing hearing. Fla.R. Crim.P. 3.720(b). The prohibition of appeal from the trial court's decision to vacate a parole commission release order does not violate due process since there is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence. See Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).
Appellant also contends the statute violates due process because it is impermissibly vague in providing that jurisdiction be retained by the "trial court judge" and that review of a parole release order be made by "the original sentencing court". We find these phrases are susceptible of common understanding in the context of the whole statute and find no due process deficiencies.
*333 Accordingly, the sentence imposed is affirmed.
ROBERT P. SMITH, Jr., THOMPSON, and LILES, WOODIE A. (Retired), Associate Judge, concur.