PER CURIAM.
Applying the “interlocking confession” rule we reject the defendant’s claim of harmful error in denying a severance and admitting the incriminating statement of his co-defendant. Parker v. Randolph, 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979); Damon v. State, 397 So.2d 1224 (Fla.3d DCA 1981). His challenges to the retention of jurisdiction over the first third of his fifteen year sentence for third-degree murder under Section 947.16(3), Florida Statutes (1979) are similarly without merit. Borden v. State, 402 So.2d 1176 (Fla.1981); Arnett v. State, 397 So.2d 330 (Fla. 1st DCA 1981); Moore v. State, 392 So.2d 277 (Fla. *1186 5th DCA 1981). Because, however, grand theft was obviously the underlying felony which supported the finding that the appellant was guilty of third degree felony murder, the sentence, though not the conviction, for grand theft must be set aside. State v. Hegstrom, 401 So.2d 1342 (Fla.1981). The judgments under review are otherwise entirely affirmed.
DOWNEY and DELL, JJ., and SCHWARTZ, ALAN R., Associate Judge, concur.