454 So.2d 751 (1984)
Lawrence Erwin WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. AW-300.
District Court of Appeal of Florida, First District.
August 23, 1984.
John B. Monroe, Jacksonville, for appellant.
Jim Smith, Atty. Gen., David P. Gauldin, Asst. Atty. Gen., for appellee.
MILLS, Judge.
In this appeal, the only issue of substance raised by Williams is whether the trial court erred in exceeding the sentence recommended by the sentencing guidelines. The trial court did not err and we affirm.
Shortly after midnight on 26 August 1983, Williams, a 19 year old with no prior criminal record, walked out to the trash pickup area of the apartment complex where he lived. He noticed a light on in the bathroom of a nearby house and, upon closer inspection, saw a woman taking a shower inside.
Williams went to the house, cut a hole in a screen with his pocket knife, reached in through the hole and unlatched the backdoor. Once inside, he took off his clothes, walked to the bathroom and switched off the light. Williams forced the victim to *752 perform fellatio on him. He then made her lie down on the bathroom floor where he had intercourse with her.
Williams ran from the house and was apprehended a short time later. At the time of the offense, the victim's children were asleep in a bedroom in the house and her husband was away at work.
Williams was charged by information with the first degree felony of burglary pursuant to Section 810.02(2), Florida Statutes (1983), and the second degree felony of sexual battery pursuant to Section 794.011(5), Florida Statutes (1983). On 18 October 1983, Williams withdrew his initial plea of not guilty and pleaded guilty to both offenses as charged.
At the hearing on the plea change, the following exchanges took place:
THE COURT: All right. Do you understand that burglary while armed is a first degree felony, punishable by up to the life imprisonment? The second count is a second degree felony, punishable by up to 15 years in prison. Is that clear?
DEFENDANT WILLIAMS: Yes, sir.
... .
THE COURT: Mr. Williams, the sentencing guidelines recommendation regarding sentencing is three years in the State Prison. The State Attorney states that at the time of sentencing they're going to try to urge the Court to deviate from that and to give you a greater period of time in State Prison. Did you hear and understand that recommendation?
DEFENDANT WILLIAMS: Yes, sir.
THE COURT: Which means new (sic) could be sentenced up to life imprisonment. Is that clear?
DEFENDANT WILLIAMS: Yes, sir.
THE COURT: All right. Do you understand here that the recommendation and the statements of the prosecutor are not binding upon the Court?
DEFENDANT WILLIAMS: Yes, sir.
THE COURT: I will consider the sentencing guidelines recommendation, I will consider the recommendation of the State, but sentencing in the final end is completely up to the Judge to do what he thinks is best after reviewing all the facts in your case. Is that clear?
DEFENDANT WILLIAMS: Yes, sir.
Williams' counsel stated at the same hearing:
I might add for purposes of clarification that our position is that the three year sentencing guidelines should be followed, ...
On 22 November 1983, the court held a sentencing hearing. After giving the prosecutor, defense counsel, and Williams an opportunity to make statements, the trial court departed from the recommended sentence under the guidelines of three-years incarceration. The trial court sentenced Williams to 25 years imprisonment for burglary and 12 years imprisonment for sexual battery; the sentences to run concurrently. Pursuant to Florida Rule of Criminal Procedure 3.701(d)(11), the trial court prepared a written statement giving reasons for the departure.
The reasons for the trial court's departure are as follows:
1. On October 26, 1983, a little after midnight, the Defendant went to the victim's private dwelling and observed her through the bathroom window taking a bath. The Defendant then went to the back door, unlatched it by puncturing a hole through the screen with his knife, went inside where, in the kitchen, he removed his pants, then proceeded to the bathroom where he reached inside and turned the light switch off. At that point, the victim screamed and the Defendant jumped into the bathtub with her, commanding her to commit oral sex. Thereafter, he forced her outside the tub and forced her to lie on the bathroom floor, where he engaged in sexual intercourse for five to ten minutes. He then left the premises, apologetically.
2. The Defendant invaded the privacy and sanctity of the victim's house at a time when she was weakest and most susceptible to an attack without being *753 afforded the benefit of self-defense or resistance.
3. The Defendant intentionally created a moment of terror by turning the lights off in the bathroom where the assault took place.
4. At the time of the attack, the Defendant's husband was at work and her two children were asleep in an adjacent bedroom. The Defendant had a disregard for the possible implication or the consequences upon innocent children if they had been awakened.
5. The Defendant consciously and carefully planned his crime which was spontaneous which reflects an unbridled release of his passions.
6. The Defendant committed two definite acts of Sexual Assault, to-wit: Fellatio and Sexual Intercourse.
7. The recommendation of Sentencing Guidelines is unconscionable in light of the facts and pleas of guilty. No reasonable person could disagree that the Sentencing Guidelines recommendation is woefully inappropriate for the nature and severity of the crime.
8. A three-year guideline sentence does not afford the time within which there can be adequate retribution, rehabilitation, and deterrence to the Defendant and to others.
When considered in totality, the reasons for departure are "clear and convincing" as required by Florida Rule of Criminal Procedure 3.701(d)(11). Particularly clear and convincing are the reasons set forth in paragraphs 4, 7 and 8. In support of paragraph 8, see Sweat v. State, 454 So.2d 749 (Fla. 1st DCA 1984).
Williams ex post facto argument is without merit. He voluntarily selected guideline consideration. If he had not selected this method of sentencing, he would have been eligible for parole consideration. He affirmatively selected this alternative and thus waived any right he may have had for parole consideration. He affirmatively selected this alternative and thus waived any right he may have had for parole consideration. It is too late for him to complain.
AFFIRMED.
WIGGINTON, J., concurs.
SHIVERS, J., dissents with opinion.
SHIVERS, Judge, dissenting.
I respectfully dissent.
The trial judge must have "clear and convincing reasons" for departing from the guidelines. Fla.R.Crim.P. 3.701(d)(11). This rule also provides that reasons given for departure shall not include factors relating to the instant offense for which convictions have not been obtained. The reasons given for departure were either facts common to nearly all offenses of this nature or improper, such as the additional sexual battery.
I would reverse and remand for resentencing under the guidelines.