458 So.2d 42 (1984)
Robert Gene DAVIS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 84-87, 84-164 and 84-383.
District Court of Appeal of Florida, Fourth District.
October 17, 1984.
*43 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
This case concerns the Sentencing Guidelines as does Mischler v. State, 458 So.2d 37 (Fla. 4th DCA 1984), issued simultaneously herewith. However, on this occasion we deal with aggravated punishment, outside the Guidelines, predicated on kidnapping, armed robbery and resisting arrest rather than the embezzlement in Mischler. Once again we reverse.
*44 The four major reasons for departure given by the trial judge were:
1. The defendant showed no remorse.
2. His suspicion that the defendant appeared poised to commit further violence on the victim: "sexual battery, aggravated battery  could have even been murder."
3. The attack caused the victim great physical distress and emotional trauma.
4. The defendant had been convicted several times before and was a poor prospect for rehabilitation.
We disagree with reasons 1 and 2 but approve of 3 and 4.
As to the first pronouncement we held in Mischler that lack of remorse (in the face of continuous protestations of innocence) does not justify aggravation. In death cases, our Supreme Court has said the same. Pope v. State, 441 So.2d 1073, 1078 (Fla. 1983).
The second ground involved the judge's speculation as to further crimes to be committed on the victim. Frankly, we think the judge was correct and it appears the victim only escaped from the moving car, in which she was abducted, because she fought like a tigress. Nonetheless, no sexual battery or murder was ever committed. Our sister court has held the possibility of further crime does not support aggravation and we agree for the reasons set forth therein. Lindsey v. State, 453 So.2d 485 (Fla. 2d DCA 1984).
In Mischler we discussed the third basis for aggravation, that is, great physical distress and emotional trauma and we approve it here. See Williams v. State, 454 So.2d 790 (Fla. 5th DCA 1984); Green v. State, 455 So.2d 586 (Fla. 2d DCA 1984); Williams v. State, 454 So.2d 751 (Fla. 1st DCA 1984). The defense argues that armed robbery by its very definition cannot help but induce trauma. This argument troubles us, but we again reiterate that the trial judge retains the right to exercise discretion under the Guidelines and we see no abuse here. The facts show something more than a simple robbery. The young male defendant chose a relatively helpless female to terrorize, kidnap and promise to kill while holding a gun at her head rendering her "madly hysterical." Little of this was required to snatch her purse and his behavior was repugnant and odious. See Mischler.
Finally, it is argued that the Guidelines already take prior convictions into account on the score sheet and the consequence here is tantamount to a double-dipping sentence. This argument also troubles us, but to accept it would remove the trial judge's right to exercise his discretion for clear and convincing reasons. As we see it, though we admit the apparent paradox in the Guidelines, our system of criminal justice is in part predicated on enhanced punishment for incorrigibles. If this be true, it cannot help but be a clear and convincing reason for aggravation, notwithstanding built-in provisions for prior criminal convictions on the score sheets. See Kiser v. State, 455 So.2d 1071 (Fla. 1st DCA 1984) and Hendrix v. State, 455 So.2d 449 (Fla. 5th DCA 1984).
Appeals from Guideline departure, despite assurances to the contrary by those who advocated their adoption, are now in full spate.[1] As we see it, the flood cannot subside until the Supreme Court gives guidelines for the Guidelines. Accordingly, deeming the matter to be of great importance, we also certify this entire case to the Supreme Court. Specifically, we ask the following question:
IF THE SCORE SHEETS MAKE PROVISION FOR PRIOR CONVICTIONS, CAN THOSE CONVICTIONS ALSO CONSTITUTE CLEAR AND CONVINCING REASONS FOR AGGRAVATED PUNISHMENT OUTSIDE THE GUIDELINES?
*45 In conclusion, we agree with Higgs v. State, 455 So.2d 451 (Fla. 5th DCA 1984), that if there are some acceptable clear and convincing reasons for aggravation, unacceptable ones are surplusage. Nonetheless, we must speculate that the profusion of unacceptable reasons in this case may have affected the extent of the departure. Here we have both acceptable and unacceptable reasons for departure. To us, it appears more equitable to reverse and remand for resentencing, especially since the trial judge erroneously contemplated parole by retaining jurisdiction over a third of the sentence. Cynics may observe that a trial judge upon remand will simply decree the same enhanced punishment for the acceptable reasons. Maybe so, and maybe he should. However, he may well not and if the last be possible, simple justice requires that the defendant have his day in court. In all other respects, the judgment is affirmed.
REVERSED AND REMANDED FOR RESENTENCING.
DOWNEY and WALDEN, JJ., concur.
NOTES
[1] The prognostications that only between 15% and 20% of the total case load would result in departure from the guidelines is apparently proving correct. However, the data may contain a certain element of sophistry in that it is also widely believed that after trial, the departure rate skyrockets. We ask for investigation as to the truth of this.