460 So.2d 396 (1984)
Robert M. MINCEY, Appellant,
v.
STATE of Florida, Appellee.
No. AW-299.
District Court of Appeal of Florida, First District.
November 9, 1984.
Rehearing Denied December 4, 1984.
*397 Michael Allen, Public Defender, David A. Davis, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Barbara Ann Butler, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Mincey appeals from two concurrent 25-year prison sentences. He raises three issues on appeal. We find each issue meritless and affirm.
Mincey was charged with committing two robberies with a firearm, the first on 30 April 1983 and the second on 3 May 1983. He pleaded guilty to both offenses and affirmatively selected sentencing pursuant to Florida Rule of Criminal Procedure 3.701. The recommended range under the sentencing guidelines was 3 1/2 to 4 1/2 years incarceration.
At the sentencing hearing, the trial court departed from the recommended range and sentenced Mincey to two concurrent 25-year prison terms. The reasons for departure were stated in a written document.
The first issue raised is whether the sentencing procedure followed by the trial court violated the due process provisions of Article I, Section 9 of the Florida Constitution and Amendments V and XIV of the United States Constitution. Mincey contends the sentencing guidelines enhance a defendant's liberty interest to the extent traditional sentencing procedure no longer provides adequate due process protections. He argues the trial court must inform a defendant prior to the sentencing hearing that it intends to exceed the recommended range and the reasons therefor. Only in this manner, Mincey argues, will a defendant have the opportunity to effectively contest imposition of a sentence beyond the recommended range.
We reject this contention because imposition of any sentence within the statutory limit, whether or not the sentence exceeds the recommended range, is still a matter within the trial court's discretion. Florida Rule of Criminal Procedure 3.701(b)(6). Of course, that discretion is subject to the "clear and convincing" standard, but it does not follow that a defendant is therefore entitled to the full panoply of due process rights every time a trial court announces it intends to aggravate a sentence beyond the recommended range. See, Arnett v. State, 397 So.2d 330 (Fla.1st DCA 1981), cert. denied, 408 So.2d 1092 (Fla. 1981).
Arnett involved a challenge to the constitutionality of Section 947.16(3), Florida *398 Statutes (1979), which allows the trial court to retain jurisdiction over some offenders for review of a Parole Commission release order. One of the arguments advanced was that the statute violated due process requirements because it did not provide for notice of proceedings to retain jurisdiction or for a hearing to defend against retention. The court stated:
The statute itself provides the defendant adequate notice that the trial court judge may retain jurisdiction. An opportunity to defend against retention is provided by the right to offer "submissions and evidence ... which are relevant to the sentence" at the sentencing hearing. Fla.R.Crim.P. 3.720(b).
397 So.2d at 332.
Likewise, Rule 3.701 provides notice to defendants that the trial court may depart from the recommended range. In the case before us, the record also reflects Mincey was informed at the time he entered his pleas of guilty, 13 days before the sentencing hearing, that the trial court could depart from the recommended range and impose a more severe sentence. Mincey had the opportunity to argue against aggravation of the sentences pursuant to Rule 3.720(b).
The second issue raised is whether the reasons given by the trial court for departure from the recommended range are clear and convincing. This issue is appealable as a matter of right. Mitchell v. State, 458 So.2d 10 (Fla.1st DCA 1984).
The reasons for departure are:
1. The Defendant committed and plead guilty to two Armed Robbery which were committed within a four-day period on two separate business establishments in Duval County, Florida.
2. In each instance, he had a accomplice and in each case was armed with a shotgun and a revolver.
3. At the time of the robberies in each instance the Defendant and his companion actively participated in the threatening of the victims with death or great bodily harm. The Defendant manifested a real presence of immediate danger, particularly in Case Number 83-4557-CF, where he ordered the sole female clerk of the liquor store to lie on the floor as they threatened to kill her.
4. The robbery committed in the instance of Case Number 83-4557-CF, was carried out after an inside employee intentionally or inadvertently furnished information to the Defendant and his companion as to when would be the most conducive time to stage a successful robbery, particularly when the clerk would be least busy and alone.
5. The Defendant and his companion had the apparent ability to carry out all threats made.
6. The Sentencing Guidelines recommendation of 3 1/2 to 4 1/2 years state prison is manifestly not sufficient to provide the appropriate retribution, deterrence, or time for rehabilitation of the Defendant.
Reason 1 concerns the times and places of the offenses, both permissible considerations. Swain v. State, 455 So.2d 533, (Fla.1st DCA 1984); Manning v. State, 452 So.2d 136 (Fla.1st DCA 1984). Reasons 2, 3, and 5 concern the amount of force used or threatened. In support thereof, see Smith v. State, 454 So.2d 90 (Fla.2d DCA 1984). Reasons 4 and 6 also reflect permissible considerations. Williams v. State, 454 So.2d 751 (Fla.1st DCA 1984).
Given the facts of this case, these reasons are clear and convincing. The trial court did not abuse its discretion.
As the final issue raised on appeal, Mincey contends the sentences imposed violate the constitutional prohibition against cruel and unusual punishment. We reject this contention. Robbery with a firearm is a serious offense, and the sentences imposed are within the statutory limit.
AFFIRMED.
ZEHMER, J., concurs.
ERVIN, C.J., concurs specially with an opinion, in which ZEHMER, J., concurs.
*399 ERVIN, Chief Judge, specially concurring.
I concur with the majority in its holding that a defendant is not constitutionally entitled to notice before sentencing proceedings that the court intends to exceed the range recommended in the guidelines. In the case at bar the court informed the defendant that it would not be bound by any plea agreement relating to the defendant's selection of guideline sentencing and that it could, if it desired, deviate from the recommended maximum range but that if it did so, it was required to place its reasons in writing. This, I think, is sufficient notice to a defendant that the court may deviate from a recommended sentence.
In concurring in the result reached, I wish to state that we are not confronted with any issue relating to whether the defendant knowingly or intelligently entered a plea of guilty to the crime charged or whether there was any violation of a plea bargained agreement. Such facts might present a different result. Cf. State v. Green, 421 So.2d 508 (Fla. 1982). I otherwise concur with the remaining portions of the majority's opinion.