468 So.2d 378 (1985)
Leroy Steven BRADLEY, Appellant,
v.
STATE of Florida, Appellee.
No. BA-10.
District Court of Appeal of Florida, First District.
April 23, 1985.
Rehearing Denied May 30, 1985.
*379 Michael Allen, Public Defender, Paula S. Saunders, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., John Koenig, Jr., Asst. Atty. Gen., for appellee.
MILLS, Judge.
Bradley appeals from convictions and sentences for armed robbery and attempted armed robbery. We affirm the convictions, but vacate the sentences and remand for resentencing.
As his only attack against the convictions, Bradley contends the trial court erred in instructing the jury, over objection, on flight as circumstantial evidence of guilt.
The evidence adduced at trial showed Bradley and an accomplice robbed a convenience store in Jacksonville on 27 September 1983. They then walked out of the store, got into a car, and drove away.
Shortly thereafter, a police officer spotted the getaway car two or three miles from the store and went after it. Following a high-speed chase, the car crashed against a telephone pole and the occupants were apprehended. The pursuing officer testified three people were in the car  Bradley on the passenger side of the front seat, a woman in the middle, and another man in the driver's seat.
Flight, as circumstantial evidence of guilt, occurs when a defendant leaves the crime scene under circumstances indicating a sense of fear or guilt, or a desire to avoid arrest. Williams v. State, 268 So.2d 566 (Fla. 3d DCA 1972). Bradley's actions  voluntarily walking out of the store immediately after the robbery and voluntarily getting into a car then driven away from the crime scene and engaged in a high-speed chase with police  are circumstances indicating fear, guilt, and a desire to avoid arrest.
Although Bradley apparently was not driving the getaway car, one need not be in control of the means of flight before one can flee. In Jordan v. State, 419 So.2d 363 (Fla. 1st DCA 1982), for example, a jury instruction on flight was proper where the defendant attempted to flee by jumping onto the back of a car driven by his wife.
Bradley's reliance on Williams v. State, 378 So.2d 902 (Fla. 5th DCA 1980), is misplaced. There, the defendant was convicted of assaulting a hitchhiker while both were passengers in a car driven by a third person. Sheriff's deputies pursued the car for approximately 1/2 mile before it stopped, but it was not clear that the occupants ever attempted to elude the deputies. Williams did not hold that the flight instruction was improper because the defendant was only a passenger in the pursued car.
Bradley next challenges his sentences.
Bradley affirmatively selected sentencing pursuant to the sentencing guidelines. The trial court departed from the recommended guidelines range of 22 to 27 years in prison and imposed consecutive sentences of 30 years in prison on each of two counts of armed robbery and 10 years in prison on one count of attempted armed robbery. The trial court also retained jurisdiction, pursuant to Section 947.16, Florida Statutes (1983), over 1/3 of each sentence. Reasons for departure from the guidelines were provided in writing.
Bradley argues the sentences should be vacated because, in selecting guidelines sentencing, the record does not *380 show he knowingly and intelligently waived his right to parole eligibility. This argument has been uniformly rejected by this Court beginning with Moore v. State, 455 So.2d 535 (Fla. 1st DCA 1984). We again reject it, but, as in Cochran v. State, 460 So.2d 542 (Fla. 1st DCA 1984), and Gage v. State, 461 So.2d 202 (Fla. 1st DCA 1984), we certify the following question of great public importance:
When a defendant who committed a crime before 1 October 1983 affirmatively selects sentencing pursuant to the sentencing guidelines, must the record show the defendant knowingly and intelligently waived the right to parole eligibility?
See also, Brown v. State, 464 So.2d 193 (Fla. 1st DCA 1985); Keene v. State (Fla. 1st DCA 1985) [10 FLW 403].
Bradley also argues the written reasons for departure reflect impermissible considerations and are not clear and convincing. The State contends this issue is not reviewable because Bradley did not make a contemporaneous objection to departure.
A defendant may appeal from a sentence outside the recommended range whether or not he makes a contemporaneous objection. Mitchell v. State, 458 So.2d 10 (Fla. 1st DCA 1984). As in Thomas v. State, 461 So.2d 234 (Fla. 1st DCA 1984), and Mincey v. State, 460 So.2d 396 (Fla. 1st DCA 1984), we adhere to Mitchell. Because of two errors in the sentencing process which, together, require resentencing, we do not, however, find it necessary to evaluate the trial court's reasons for departure.
The first of these errors was the trial court's retention of jurisdiction over a portion of the sentences. Retention serves no purpose because a defendant sentenced pursuant to the sentencing guidelines is ineligible for parole. Section 921.001(8), Florida Statutes (1983).
Rather than vacating guidelines sentences because the trial court improperly retained jurisdiction, the Second District Court of Appeal has heretofore merely set aside the retention. Emory v. State, 463 So.2d 1242 (Fla. 2d DCA 1985); Hawkins v. State, 463 So.2d 480 (Fla. 2d DCA 1985); Carter v. State, 464 So.2d 172 (Fla. 2d DCA 1985). Cf., Walker v. State (Fla. 1st DCA 1985) [10 FLW 753] (error recognized, but sentence vacated on other grounds). But in the case before us, the record clearly shows the trial court was under the mistaken impression that Bradley would be eligible for parole despite his affirmative selection to be sentenced pursuant to the guidelines. We hesitate to affirm a lengthy sentence which the trial court may not have imposed had it known the defendant would not be eligible for parole. See, Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1984).
The other error in the sentencing process involves the recommended range of incarceration. In the document containing the reasons for departure from the recommended range, the trial court misstated the recommended range as 17 to 22 years. Although the misstatement may have been only a scrivener's error, it may indicate the trial court sentenced Bradley while under the impression that the maximum sentence within the guidelines was five fewer years than it actually was.
Together, these two errors compel us to vacate the sentences and remand for resentencing.
Having affirmatively selected guidelines sentencing, Bradley may not withdraw that selection on remand. The trial court may, if it so chooses, again depart from the recommended guidelines range.
The convictions are affirmed; the sentences are vacated and the case remanded for resentencing.
NIMMONS, J., and PEARSON, TILLMAN, (Ret.) Associate Judge, concur.