501 So.2d 1289 (1986)
Christian Daniel MASSARD, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1741.
District Court of Appeal of Florida, Fourth District.
July 16, 1986.
*1290 Richard L. Jorandby, Public Defender and Jeffrey Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for appellee.

ON REHEARING
HERSEY, Chief Judge.
We substitute the following for the opinion of May 7, 1986, filed in this case. Except for the modification exemplified by the amended opinion, rehearing is denied.
Christian D. Massard was convicted by a jury of two counts of attempted first-degree murder and two counts of robbery with a deadly weapon. We affirm those convictions.
In the judgment adjudicating appellant guilty of these offenses, each of the four felonies was enhanced from first-degree felony to life felony on the basis that a weapon or firearm was used in each instance. § 775.087(1)(a), Fla. Stat. (1983).
On each of the murder counts the jury returned a verdict of: "Guilty of Attempted First Degree Murder, as charged." The information charged that these two offenses were each committed with a blunt instrument. The jury was instructed to the effect that a deadly weapon was a weapon used in a way likely to produce death or great bodily harm. The instruction pertained to the lesser-included offense of aggravated battery. Thus, the jury, having been instructed on the definition of a deadly weapon and finding appellant guilty of attempted first-degree murder "as charged" in the information, which recites the use of a blunt instrument, has made a sufficiently specific finding that the offenses were committed with the use of a weapon. Whitehead v. State, 446 So.2d 194 (Fla. 4th DCA 1984), rev. denied, 462 So.2d 1108 (Fla. 1985).
The same analysis does not apply to the robbery convictions, however, because use of a weapon is an essential element of the crime of armed robbery. § 812.13(2)(a), Fla. Stat. (1983). It may not also be used to reclassify the offense. State v. Brown, 476 So.2d 660 (Fla. 1985). Therefore, on remand the judgment is to be amended by reducing the robbery convictions to first-degree felony convictions.
Because the sentencing phase of these proceedings was fatally flawed, requiring that appellant be resentenced, we briefly treat each appellate contention pertaining to the original sentencing.
Appellant contends that where the sentencing guidelines have been amended, the version in effect at the time of the commission of the offense applies. This contention is supported by our holding in Miller v. State, 468 So.2d 1018 (Fla. 4th DCA 1985). The Miller holding, however, has been implicitly disapproved by the Supreme Court of Florida in State v. Jackson, 478 So.2d 1054 (Fla. 1985), where the court held that the version of the guidelines in effect at the time of sentencing is to be applied by the trial court.
Because retention of jurisdiction serves no purpose when an offender is sentenced under the guidelines, without the possibility of parole, appellant is correct in asserting that his sentence in this respect is invalid. Following the lead of Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1984), and consonant with the logic expressed by the second district in Bradley v. State, 468 So.2d 378 (Fla. 1st DCA 1985), rather than simply setting aside the retention, we vacate the sentence and remand for resentencing because "[w]e hesitate to affirm a lengthy sentence which the trial court may not have imposed had it known the defendant would not be eligible for parole." Id. at 380.
It is further correctly argued by appellant that scoring forty-two points for victim injury was error. Rule 3.701 d. 7., Florida Rules of Criminal Procedure, provides: "Victim injury shall be scored if it is *1291 an element of any offenses at conviction." The court in Toney v. State, 456 So.2d 559, 560 (Fla. 2d DCA 1984), held that "points for victim injury should not have been assessed against appellant when victim injury does not constitute an element of the convicted offense of armed robbery." The court nevertheless affirmed the sentence because a deduction of the challenged points still kept appellant within the range which corresponded to his fifteen-year sentence. Because the trial court in the present case departed from the guidelines in any event the forty-two points did not necessarily aggravate the sentence; however, on resentencing, points should not be scored for victim injury.
With regard to the reasons utilized by the trial court as a basis for departure from the sentencing guidelines, two of the four reasons were proper:
1. Appellant was an habitual felony offender. We hold that this is a proper reason for departure from the guidelines. See Anderson v. State, 489 So.2d 855 (Fla. 1st DCA 1986); Hale v. State, 490 So.2d 122 (Fla. 2d DCA 1986). But see Vicknair v. State, 483 So.2d 896 (Fla. 5th DCA 1986).
2. It was necessary to remove appellant from society as he presented a clear and present danger thereto. This is equivalent to a finding that a sentence within the guidelines would not be sufficiently long to accomplish reasonable rehabilitation, which is ordinarily an acceptable reason for departure. Williams v. State, 454 So.2d 751 (Fla. 1st DCA 1984); Mincey v. State, 460 So.2d 396 (Fla. 1st DCA 1984). In this case, however, it is duplicative of the habitual offender finding and therefore may not be considered as an additional ground for departure.
3. That the crimes were committed in a cold and calculated manner leaving permanent disabling injuries is a valid reason for departure. Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1984).
4. To deter others inclined to commit a similar type of offense. As we have previously held, deterrence is not a valid reason for departure from the guidelines. Karliss v. State, 477 So.2d 1092 (Fla. 4th DCA 1985); Williams v. State, 462 So.2d 23 (Fla. 4th DCA 1984). But see Williams v. State, 454 So.2d 751 (Fla. 1st DCA 1984); Mincey v. State, 460 So.2d 396 (Fla. 1st DCA 1984).
We conclude, however, that the state has carried its burden of showing beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence, and therefore reversal would not be required on this point alone. Albritton v. State, 476 So.2d 158 (Fla. 1985). Since appellant is to be resentenced for other reasons the trial court will have another opportunity to evaluate the bases for departure in any event.
We affirm the convictions but remand for correction of the judgment. We vacate the sentences and remand for resentencing without scoring points for victim injury and without retention of jurisdiction over any portion of the sentences.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
DOWNEY, J., and LEVY, DAVID L., Associate Judge, concur.