508 So.2d 443 (1987)
Brenda JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. BK-186.
District Court of Appeal of Florida, First District.
May 19, 1987.
Rehearing Denied June 19, 1987.
*444 T. Whitney Strickland, Jr., Tallahassee, for appellant.
Jim Smith, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal from a guideline departure sentence imposed pursuant to a plea of nolo contendere on a charge of manslaughter. We affirm.
Two of the four reasons for departure are valid. Restated, those reasons are: (1) excessive use of force, and (2) abdication of a position of trust. See Mincey v. State, 460 So.2d 396 (Fla. 1st DCA 1984), and Ross v. State, 478 So.2d 480 (Fla. 1st DCA 1985). After reviewing the record, we find beyond a reasonable doubt that even in the absence of the impermissible reasons, the sentence would be the same. Albritton v. State, 476 So.2d 158 (Fla. 1985).
We also find that if it was error for the trial court to allow counsel for a separately tried codefendant to comment during the sentencing hearing, then it was harmless error. Accordingly, we affirm.
BOOTH, C.J., and WENTWORTH, J., concur.
ZEHMER, J., dissents with written opinion.
ZEHMER, Judge, dissenting.
Brenda Johnson's daughter died as the result of a severe beating administered in appellant's presence by her boyfriend, Eric Rolle. She and Rolle were jointly indicted in count one for first degree murder and count two for aggravated child abuse. Rolle was granted a separate trial.[1] She pled nolo contendere to manslaughter as a lesser included offense under the first count and was sentenced on that count. The count for aggravated child abuse was nolle prossed.
Johnson raises two issues on appeal. First, she challenges the propriety of her sentence, contending that the four reasons given for exceeding the guidelines are invalid. Second, she complains that the trial court erred in allowing counsel for her codefendant, who was tried in a separate proceeding, to make a presentation to the court during her sentencing hearing.
According to the statement of facts in appellant's brief, which has been accepted by the state, at sentencing appellant's attorney and the state attorney outlined the traumatic experience suffered by the mother, her history of abuse at Rolle's hand, and her low intelligence level. The state definitively indicated there was no evidence that appellant ever inflicted any injury on the child.[2] Further, the state indicated that appellant's neighbors found the mother-daughter relationship to be a loving one and that appellant's only real crime was that she lived with a cruel person, the codefendant. The state attorney explained that appellant was indicted for murder under the felony murder statute and for failure to protect her child against *445 harmful abuse, and further said, "We feel like that it was appropriate in this case for us to accept a plea to a lesser charge of manslaughter which is basically negligence," and that "there's no comparison between Brenda Johnson and Eric Gregory Rolle as to culpability" (R. 119). He also pointed out that Ms. Johnson was very cooperative during the investigation. The state's recommendation for sentencing was as follows:
Brenda was negligent for the reasons I've have mentioned before. We do not have and I'm not going to the [sic] make, a specific recommendation as to the sentence. If the Court is inclined to sentence within the guidelines, it would be our recommendations that the low end of guidelines be followed.

If the Court is inclined to follow the recommendations of the Defense counsel, the State really is not in any position to argue against that particular position.
(R. 122-23) (emphasis added).
The trial court departed from the guidelines recommendation of three to seven years' imprisonment and sentenced appellant to the maximum allowed by law, fifteen years. The four reasons given for departure were:
1. This Defendant administered or allowed to be administered an abominable and brutal beating of an innocent and defenseless six-year-old child, whose only offense was to act like six-year-olds are sometimes wont to act. The evidence demonstrated anywhere from fifty to two hundred or more separate blows with a belt and buckle which inflicted approximately three hundred and fifty separate lacerations, contusions or marks on this child covering almost every available inch of her body.
The extent of the physical abuse inflicted upon this child caused her such overwhelming stress and weakness that she was unable to perform the autonomic response of coughing or clearing her air passageway of the vomitus which asphyxiated her.
The excessive nature of the force used in the beating imposed upon the child is a factor which is not included in the Sentencing Guidelines. This factor is distinct from the "victim injury" which is factored into the guidelines. Smith v. State, 454 So.2d 90 (2nd DCA 1984); Mincey v. State, 460 So.2d 396 (1st DCA 1984).
2. As the deceased child's mother, this Defendant was entrusted with the care, nurture and protection of this child. The Defendant either abandoned or abdicated that position of trust with the result that this child suffered a cruel and unusual punishment and death. The Defendant's abuse of her position of trust is a factor which is not taken into consideration in the Sentencing Guidelines. Gardener v. State, 462 So.2d 874 [874] (2nd DCA 1985); Steiner v. State, 469 So.2d 179 (3rd DCA 1985).
3. The presumptive recommended sentence is insufficient for retribution, deterrence and rehabilitation in this case. Scott v. State, 469 So.2d 865 (1st DCA 1985); Mincey v. State, supra.
4. Although the evidence in the case was conflicting, this Court finds that the evidence leads to the inescapable conclusion that this Defendant had a joint and affirmative role in the administration of the physical abuse and beating of this child. The Defendant imposed through affirmative action and through gross and wreckless [sic] negligence the maximum amount of punishment imaginable on this child. Justice requires that this Court impose the maximum amount of punishment available under the law. A lesser sentence is not commensurate with the seriousness of this crime. Williams v. State, 471 So.2d 630, 10 FLW 1563 (1st DCA 1985).
(R. 86-88) (emphasis added).
Brenda Johnson had testified at the trial of her codefendant, Eric Rolle, and despite the state attorney's representation that she had been a credible witness whose many statements over the course of the investigation were consistent (with but a single exception, which occurred at Rolle's trial), the trial judge, based on his observations during that trial, commented:

*446 Her testimony, contrary to her counsel's statement, was horribly conflicting. In reviewing my notes again yesterday, I had a [sic] least seven places in my notes where her answer was, "I can't recall" or "I don't recall." I just don't find that answer to be credible.
(R. 127). The record in this case does not, however, contain any portion of the record in the Rolle case.
It is clear from the recitations quoted above that the trial judge's belief at sentencing was that appellant had personally inflicted some of the injuries to the child, notwithstanding the state attorney's representation to the court that there was absolutely no evidence that appellant ever inflicted any injury on the child. The record in this case contains no evidence to support this belief of the trial judge.
The majority summarizes the first reason for departure as "excessive use of force" in beating the child and for this reason approve it. I cannot agree because the state conceded at the sentencing hearing that there was no evidence appellant ever inflicted any injury on the child. Rather, the record reflects that appellant suffered from neurotic psychological needs stemming from a history of abuse in which she suffered, among other things, an emotional dependency on her codefendant boyfriend, who physically abused her, and, further, that her dependency on him permitted him to manipulate her without her being able to rectify the situation.[3] The state's concession that no evidence showed that appellant inflicted any injury to the child, together with its concession that she was guilty only of negligence and not first degree murder, makes it improper for the trial court to rely on appellant's excessive use of force in beating the child as a reason for departure. The evidence of record simply does not support such a finding.
Although the second reason for departure is valid under case law, assuming the factual scenario relied on by the state is sufficient to support a conviction of manslaughter, I question its pertinency because appellant herself did not inflict any injury and the undisputed record shows that she could not physically prevent Rolle from beating her child. Her neglect was in continuing to permit him access to the home and not reporting him to the police.
The third and fourth reasons for departure are patently invalid and have been so found by the majority.
At appellant's sentencing hearing, immediately after her counsel and the state attorney concluded their statements to the court, the court permitted, over timely objection, counsel for Rolle to make a presentation based not on the record in this case but on his interpretation of what occurred in Rolle's trial. Among other things, he stated to the court that the jury, in finding Rolle guilty, obviously felt that appellant was not believable and that "it was just as likely that she may have struck the blows herself" (R. 124). Counsel for Rolle, not being counsel for a party to this case, should not have been permitted to make representations on behalf of his client at appellant's sentencing, especially since his remarks were not based on anything of record in this case, but purported to interpret what occurred in an entirely separate trial.
Florida Rule of Criminal Procedure 3.720(b) states that the sentencing court shall "[e]ntertain submissions and evidence by the parties which are relevant to the sentence." Codefendant's counsel was not representing a party to appellant's proceeding; and in view of the trial court's statements on the record, it appears that the prejudicial and impermissible comments made by him did substantially influence the trial court's decision in respect to the sentence. This is confirmed by the trial judge's state of mind as reflected in the first reason, i.e., "This Defendant administered or allowed to be administered" a brutal beating, and as reflected in the fourth reason, that "[a]lthough the evidence in this case was conflicting, this *447 Court finds that the evidence leads to the inescapable conclusion that this Defendant had a joint and affirmative role in the administration of the physical abuse and beating of this child." The record before the trial court at the sentencing hearing contains absolutely no basis to support the trial court's finding that appellant inflicted injuries upon her child. Similarly, because there is nothing in the record in appellant's case showing what transpired in Rolle's trial, the trial court could not rely on anything in that proceeding as a reason for departure from the sentencing guidelines in the present case. In short, there was no record basis for the trial judge's view of appellant's actions, nor any reason on the record for him not to accept as true the state's representations at the sentencing hearing.
Unlike the majority, I conclude that the trial judge was improperly influenced by the remarks of codefendant's counsel and, further, was improperly influenced to depart from the recommended guidelines sentence by each of the four invalid reasons, which were in turn based on a conception of the facts not supported by the record. I am, therefore, unable to conclude beyond a reasonable doubt that on remand the sentence either would or should be the same. The state has not carried its burden under Albritton v. State, 476 So.2d 158 (Fla. 1985). The sentence should be vacated and the case remanded for resentencing.
NOTES
[1] Rolle was tried and, upon the jury's verdict, convicted of manslaughter and felony child abuse. His conviction and sentence were affirmed on appeal. Rolle v. State, 503 So.2d 1262 (Fla. 1st DCA 1987).
[2] Mr. Meggs, the State Attorney, said:

... The State Attorney's office has kind of lived with this case since its very beginning. We have reviewed the evidence very carefully numerous times over. We have interviewed police officers.
We were personally involved at some time during the course of the investigation. We've attended depositions of most of all of the pertinent witnesses in the case. And based on all of our investigation on [sic] that we can find about the case, we have found no evidence that Brenda Johnson ever inflicted any of the injuries upon her child Windy Johnson.
All the evidenced that we have is to the contrary; that Eric Rolle administered all of the injuries to the child.
The fact of the business is that the FSU Police Department and other law enforcement agencies have interviewed all of the neighbors, practically everyone who would have any contact with Windy Johnson and her mother and from all indications the  every witness says that to the contrary of her being one who abused her child, she was a mother who was very loving of her child. And they appeared to have a very loving relationship.
(R. 118-19.)
[3] These uncontested facts, taken with the total absence of evidence that appellant inflicted any injury on the child, brings into serious question the propriety of the trial court's having accepted the no contest plea to the lesser included offense of manslaughter in adjudicating appellant guilty. Because that issue has not been raised on this appeal, however, I do not undertake to pursue the reasoning that brings this issue into question.