THOMPSON, Judge.
Bowman appeals his sentence, contending that the trial court erred in imposing a sentence that exceeded the recommended guidelines sentence. We affirm.
The appellant, while on parole from a prior sentence imposed pursuant to a conviction for burglary, committed a second burglary. He pled guilty to this second burglary pursuant to a plea bargain under which the state agreed to reduce the burglary of a dwelling charge to burglary of a structure, a third degree felony, and to recommend to the court that any sentence imposed for the second burglary run concurrent to the sentence he was already serving. Bowman elected guidelines sentencing, and received 20 points for the conviction, 6 points for a prior third degree felony conviction (the first burglary), 2 points for prior misdemeanors, 5 points because the prior burglary offense was a category five offense, and 10 points for being under legal constraint at the time he committed the second burglary. His total score of 43 points resulted in a recommended guidelines sentence of “any non-state prison sanction.”
*1327 Notwithstanding the state’s recommendation for concurrent sentencing, the trial judge departed from the guidelines and sentenced Bowman to three years to run consecutively to the prior sentence. The written reasons given by the trial judge for departing from the guidelines were that the offense was committed while appellant was on parole for a prior offense of burglary, that he had been unsuccessful on parole and probation supervision, that he had committed the same crime for which he was previously sentenced to the Department of Corrections, and that he was serving time in the Department of Corrections for a burglary charge.
Bowman contends that the reasons given for the trial judge’s departure from the guidelines have already been taken into consideration in calculating his guidelines score, and therefore cannot again be considered as a basis for departure. We disagree. The use of Bowman’s prior record, as shown by one felony and two misdemeanors, together with the fact he was on parole for the same crime (burglary) at the time he committed the second offense was a proper basis for deviating from the guidelines. Dickey v. State, 458 So.2d 1156 (Fla. 1st DCA 1984).
AFFIRMED.
WIGGINTON, J., concurs.
WENTWORTH, J., concurs specially.