483 So.2d 53 (1986)
Lee Arthur GALE, Appellant,
v.
STATE of Florida, Appellee.
No. BD-446.
District Court of Appeal of Florida, First District.
January 23, 1986.
Rehearing Denied March 5, 1986.
*54 Michael Allen, Public Defender, Terry P. Lewis, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Gregory G. Costas, Asst. Atty. Gen., for appellee.
McCORD, GUYTE P., Jr. (Ret.), Associate Judge.
Gale appeals his convictions for burglary of a dwelling while armed robbery, sexual battery with a deadly weapon, and sexual battery by use of force. It is his contention that the trial court erred in denying his motion for a mistrial based upon the allegedly prejudicial comments of the prosecutor, in departing from the sentence recommended for him under the guidelines, and in retaining jurisdiction over the first one-third of his sentence. We affirm in part and reverse in part.
On cross-examination, Gale conceded that he had earlier been convicted of a felony. Thereafter, during closing argument, the prosecutor stated to the jury:
First of all, Lee Arthur Gale is a convicted felon. He admitted to it on the stand. He knows the ropes. He knows what could happen to him in this situation. And if he's convicted, he has a lot to lose. And that is an interest... . [Emphasis added.]
At this point, Gale's attorney objected and moved for a mistrial. The motion was denied.
The recommended guidelines sentence range was for 12 to 15 years, however, Gale received a sentence of 150 years, which breaks down as follows: 60 years on armed burglary, 15 years on robbery, 60 years on sexual battery by use of a deadly weapon and 15 years on the charge of sexual battery by slight force. The trial judge, in a comprehensive sentencing order, set forth a number of reasons for his departure. They can be briefly paraphrased and summarized as follows:
1. The guidelines sentence was not commensurate with the seriousness of the convicted offenses.
2. Appellant committed the instant offense within one month of the commission of a similarly vile offense indicating disregard on Appellant's part for the consequences of his actions in terms of their effect upon the victims and the law in general.
3. The outrageous nature and circumstances of the offenses for which Appellant stands convicted herein.
4. The trauma associated with Appellant's conduct sub judice.
5. Appellant showed no remorse for his crimes.
6. Appellant's conduct while incarcerated within the county jail.
7. Appellant's juvenile record evidencing a disrespect for authority.
8. Appellant presents a clear and present danger to others both in and out of prison  the prison system being in a better position to protect itself than society.
Turning to the first issue on appeal, it is well settled that a prosecutor may legitimately comment upon the credibility of an accused who chooses to testify so long as he confines his argument to those facts which are established by the record or which may be reasonably inferred. Fitzgerald v. State, 227 So.2d 45 (Fla. 3d DCA 1969). In the present case, the prosecutorial statement that Gale "knows the ropes" could have reasonably been inferred from his previous encounter with the criminal justice system which he admitted on the stand. Therefore, we find no error.
As to the trial judge's departure from the sentence recommended under the guidelines, we find that of the eight justifications listed five may be validly relied upon. The fifth reason, lack of remorse, has repeatedly been held invalid. Sarvis v. State, 465 So.2d 573 (Fla. 1st DCA 1985). Likewise, reason eight must be found invalid. Burch v. State, 462 So.2d 548 (Fla. 1st DCA 1985). The sixth reason, Gale's conduct while incarcerated in the county jail and awaiting sentencing, is rendered invalid by Rule 3.701(d)(11), Florida Rules of Criminal Procedure, as there is no record *55 evidence that he was charged and convicted for any of the offenses alleged.
Having concluded that both valid and invalid justifications were relied upon for departure, it must be decided whether the standard announced in Albritton v. State, 476 So.2d 158 (Fla. 1st DCA 1985), has been met. We find that it has. The trial court's reliance on a significant number of valid reasons and the abundant evidence supporting the particulars of these valid reasons leaves this court with no reasonable doubt that the sentences given to Gale would have been the same had the trial court not considered the improper factors.
Where, as here, the trial judge has retained jurisdiction over the first one-third of the sentences imposed under the guidelines, the retention must be set aside. Bradley v. State, 468 So.2d 378 (Fla. 1st DCA 1985). There the court reasoned that because parole is no longer available under the guidelines there is no purpose to be served by the trial judge's retention of jurisdiction over the defendant's sentence.
Accordingly, we reverse as to the trial court's retention of jurisdiction but affirm the convictions in all other respects.
ERVIN and WIGGINTON, JJ., concur.