482 So.2d 607 (1986)
Drayton Eugene SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 85-401.
District Court of Appeal of Florida, Fifth District.
February 13, 1986.
*608 James B. Gibson, Public Defender, and David B. Russell, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
In departing from the recommended guidelines sentence of any non-state prison sanction and sentencing defendant to a term of three years in prison for the crime of attempted sale or delivery of a controlled substance, the trial court articulated the following reasons:
The Defendant, DRAYTON EUGENE SCOTT, JR., pleaded guilty to the offense of attempted sale or delivery of a controlled substance, cocaine. The Defendant has a prior criminal record of armed robbery and grand theft for which he was sentenced to the Department of Corrections. His record indicates that he cannot live within the framework of a free society without violating its laws.
It is inconceivable that a non-state prison sanction would be sufficient punishment in this instance; therefore, this Court finds and determines that it is necessary to go outside the guidelines and impose a sentence accordingly.
These reasons, all of which are based on defendant's prior record, and are thus already factored into the guidelines scoresheet, are insufficient reasons for departure. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). The sentence is therefore vacated and the cause is remanded to the trial court for resentencing in accordance with the guidelines, absent clear and convincing reasons for departure.
SENTENCE VACATED and REMANDED.
DAUKSCH and COWART, JJ., concur.