483 So.2d 530 (1986)
Roy SIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. BD-336.
District Court of Appeal of Florida, First District.
February 20, 1986.
Michael E. Allen, Public Defender, and Glenna Joyce Reeves, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Gregory Costas, Asst. Atty. Gen., for appellee.
*531 WILLIS, BEN C. (Ret.), Associate Judge.
Appellant contends that the trial court erred in relying on invalid reasons, and in sentencing him beyond the next higher cell of the guidelines, when sentencing appellant for a term of years outside the guidelines.
Appellant had been convicted in 1982, of possession of more than 20 grams of cannabis, and placed on probation for five years. In 1984, while still on probation, appellant was charged with selling one-half gram of cocaine to an FDLE special agent on March 14, 1984. He was also charged with possession and sale of 28.1 grams of cocaine on March 29, 1984. As the result of plea bargaining appellant pled guilty to the second charge and to possession (related to the first charge).
Appellant admitted to a violation of probation and was sentenced to a term of 4 years incarceration. The recommended guidelines sentence was any nonstate prison sanction. (Appellant had only one prior conviction). Under Florida Rules of Criminal Procedure 3.701(d)(14), appellant could have been sentenced in the next higher range, community control or 12-30 months incarceration, for his probation revocation without a departure from the guidelines. However, the trial court chose to depart from the guidelines sentence beyond the next range and gave the following reasons therefor:
(1) This defendant, Roy Simmons, was originally placed on probation for a period of five (5) years for the drug abuse offense of possession of more than twenty (20) grams of cannabis. At the time of said sentence he had a previous felony conviction of grand larceny for which he had been placed on two (2) years probation on June 30, 1975.
(2) This defendant has twice been placed on probation prior to the latest violation of probation for which he is now being sentenced. His conviction is evidence that probation is not a sufficient or adequate deterrent from criminal activity.
(3) That the offense which constituted his latest violation of probation for which he is now being sentenced is a much more serious drug offense from that which he had previously been convicted. That is, he had escalated his drug related activities from possession of more than twenty (20) grams of cannabis to the sale of 28.1 grams of cocaine, as well as by possession of a lesser amount of cocaine.
(4) That from his record of continued violation of the drug laws, this defendant has shown a flagrant disregard for the laws of this state dealing with said offenses, and the maximum sentence under the guidelines, to-wit: community control or 12-30 months incarceration, is unrealistic and totally inadequate to deter this defendant from further criminal activity as evidenced by his prior conduct.
We find reasons 2, 3, and 4 to be valid. See Scott v. State, 469 So.2d 865 (Fla. 1st DCA 1985); Mincey v. State, 460 So.2d 396 (Fla. 1st DCA 1984)., Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984); Bowman v. State, 465 So.2d 1326 (Fla. 1st DCA 1985).
We find in reason number 1 that reference to appellant's being placed on probation for the instant offense is not error. Sentencing in this case related only to the 1981 offense of possession, and the guidelines scoresheet only scores appellant's legal status at the time of the 1982 offense (not at the time of probation violation). Therefore, the probation was not used in calculating the recommended guidelines sentence. It is valid to rely on this factor not used in calculating the sentence. Burch v. State, 462 So.2d 548 (Fla. 1st DCA 1985).
The second sentence of reason number 1, relying on appellant's prior conviction, is an invalid reason for departure. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). However, we note that although this consideration of appellant's prior record is not valid, it represents only a part of reason number 1 which emphasized appellant's being on probation, not his prior felony status.
*532 Based on the records and briefs before the court, and based on our finding that only one half of one of the trial court's four reasons was impermissible, we find that it can be concluded beyond a reasonable doubt that the absence of the invalid reason would not have affected the trial court's departure from the recommended guidelines sentence.
Appellant also argues that his violation of probation cannot be used as a basis of departure beyond the increase to the next higher guidelines range. We do not find Florida Rule of Criminal Procedure 3.701(d)(14) to be so limiting. The guidelines were intended to be an aid to trial judges, not to usurp judicial discretion. Fla.R.Crim.P. 3.701(b)(6). Following the standard announced in Albritton v. State, 476 So.2d 158 (Fla. 1985), we have reviewed the guidelines sentence, the extent of departure, the clear and convincing reasons for departure and the record in this case. We find appellant's sentence of four years incarceration is reasonable and not excessive. No abuse of discretion has been shown.
Accordingly, the order on appeal is Affirmed.
BOOTH, C.J., and ZEHMER, J., concur.