483 So.2d 528 (1986)
Kenneth ROBERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1215.
District Court of Appeal of Florida, Fifth District.
February 20, 1986.
*529 James B. Gibson, Public Defender, and Michael L. O'Neill, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joseph N. D'Achille, Jr., Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
Appellant appeals his sentence because the trial court exceeded the recommended guideline sentence. The reasons for departure are wholly insufficient and require another reversal of a departure sentence. The reasons given are as follows:
1. Though the sentencing guidelines prohibit the bare consideration of prior criminal arrests, this Court is compelled to consider the Defendant's entire criminal history, including all prior arrests, for the purpose of determining his pattern of conduct leading to the instant offense.
2. In this regard the Court notes from the Pre-Sentence Investigation report filed herein that:
a. On December 12, 1968, the Defendant was arrested and subsequently convicted of public drunkenness.
b. From June, 1970, to September of 1972, the Defendant was arrested 7 times for criminal acts relating to drugs and controlled substances.
c. On February 5, 1973, the Defendant was convicted for Possession of Dangerous Drugs, Sale of Dangerous Drugs and Possession of Cannabis.
d. On November 23, 1982, the Defendant was convicted of Driving While Intoxicated.
e. On May 23, 1985, the Defendant pled nolo contendre [sic] to the offense of Driving While Intoxicated Resulting in Death.
3. That the above criminal history of this Defendant evinces to the Court that he is a perpetual substance abuser, incapable of being rehabilitated within the confines of the criminal justice system. His prior history of drunkenness possession and sale of drugs, and Driving While Intoxicated Resulting in Death establishes a pattern of conduct that renders him a continuing and serious threat to the community.
4. The Court is compelled to consider the risk to physical safety to the citizens of the State caused by the Defendant during the perpetration of this offense. The facts of the instant case are as follows:
a. On February 23, 1985, the Defendant was involved in a head-on collision where he crossed the center line and struck an oncoming vehicle.
b. The Defendant was driving a semitractor truck.
c. The accident occurred at approximately 1:50 in the afternoon and 2 hours later Defendant registered a .24% blood alcohol level.
d. The driver of the other car, a twenty-five year old mother of two young children, was crushed to death on impact.
e. The cause of the collision was the Defendant's intoxicated condition and inability to maintain control of the semitractor.
5. It is obvious to this Court that the Defendant is unable to live a sober existence in a non-structured environment without violating the laws of society. Therefore, the protection of society demands that he be institutionalized by a *530 term of imprisonment far in excess of that provided under the sentencing guidelines. Accordingly, this Court has imposed a sentence of fifteen (15) years on this Defendant.
These reasons are insubstantial because Hendrix v. State, 475 So.2d 1218 (Fla. 1985), so holds.
The sentence is quashed and this cause remanded for resentencing in accordance with the guidelines.
REVERSED and REMANDED.
UPCHURCH and COWART, JJ., concur.