487 So.2d 68 (1986)
Richard John BROOKS, Appellant,
v.
STATE of Florida, Appellee.
No. BG-484.
District Court of Appeal of Florida, First District.
April 9, 1986.
Rehearing Denied May 2, 1986.
*69 Michael E. Allen, Public Defender, and Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
This is an appeal from a judgment and sentence in which the trial court departed from the recommended guideline sentence of three years, and imposed two 6-year terms of incarceration  the sentences to be served concurrently. The question presented for our review is whether the trial court provided clear and convincing reasons for departure from the recommended guideline sentence. We affirm on the basis of two of the reasons provided for departure.
In three separate informations, Brooks was charged with burglary of a dwelling. The charged offenses occurred on December 9, 1984; December 10, 1984; and February 21, 1985. In each instance, the residents of the respective dwellings were present at the time of the burglary. Brooks entered pleas of nolo contendere to each of the charges.
At the sentencing proceeding the trial judge stated he was departing from the recommended guideline sentencing range. In the guideline scoresheet space provided for a statement of the reasons for departure, the trial judge wrote:
In each case the defendant entered a dwelling that was occupied. In each case he was discovered by the occupants creating great psychological harm to the victim. His record while on probation and previously in prison shows defendant unable to conform himself or his behavior to acceptable norms.
Brooks was adjudicated guilty of three charges of second degree burglary. The applicable statute, Section 810.02(3), Florida Statutes (1983), provides in relevant part:
If the offender does not make an assault or battery or is not armed, or does not arm himself, with a dangerous weapon or explosive ... during the course of committing the offense and the structure or conveyance entered is a dwelling or there is a human being in the structure ... at the time the offender entered or remained in the structure or conveyance, the burglary is a felony of the second degree, ... Otherwise, burglary is a felony of the third degree, ... (emphasis supplied).
The first reason provided by the trial court for departure from the guideline sentencing range was that in each instance Brooks entered an occupied dwelling. Brooks contends the fact that the dwellings were occupied is a factor inherent in the crime of burglary, and cannot serve as a basis for departure. See: Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984); Tompkins v. State, 483 So.2d 115 (Fla. 2d DCA 1986). We disagree. Section 810.02(3) contemplates entry of a dwelling or entry of a structure while a human being is in the structure. In this case, Brooks entered three dwellings when the residents of those dwellings were present. We consider that these circumstances added an element not included within the statutory frame, i.e., dwelling and the presence of a human being. Therefore, we consider this reason a valid ground for departure.
The second reason for departure was that in each case Brooks's presence within the respective dwelling was discovered by the occupants  thereby inflicting psychological *70 harm to them. A victim's psychological trauma has been held a valid ground for departure from the recommended guideline sentence. Tompkins v. State, supra; Ochoa v. State, 476 So.2d 1348 (Fla. 2d DCA 1985); Knowlton v. State, 466 So.2d 278 (Fla. 4th DCA 1985); Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1984). Still, the degree of victim distress which will constitute a clear and convincing reason for departure must be determined on the circumstances of the particular case and the nature of the offense involved.
In this case, Brooks argues the second reason provided is invalid, because the record will not suppport a finding that the victims suffered great psychological harm. Again we disagree. On two occasions, Brooks was observed fleeing from the dwelling by the occupants, and in one case the sixteen year old daughter of the household awakened and observed Brooks sitting on the floor of her room rifling her purse. Although there was no victim injury or threat of injury in any of the incidents, the victims expressed surprise and a lasting sense of distress and fear due to Brooks's intrusion. We conclude that this particular form of psychological trauma constitutes a valid basis for departure, and we find no abuse of discretion on this point.
The third reason for departure was the fact that Brooks had demonstrated an inability to conform his behavior to acceptable norms. If, in formulating this reason the trial judge relied on Brooks's prior record, the reason is invalid because factors already taken into account in computing the recommended sentence "should not be utilized as an aggravating factor in departing from the guidelines." Sarvis v. State, 465 So.2d 573, 576 (Fla. 1st DCA 1985); Napoles v. State, 463 So.2d 478, 479 (Fla. 1st DCA 1985); Burch v. State, 462 So.2d 548 (Fla. 1st DCA 1985). At any rate, we find this reason too vague to be considered clear and convincing.
Despite the trial judge's reliance on one invalid reason for departure, our review of the record and the arguments leads us to conclude that absent the invalid reason the trial judge would have sentenced Brooks in the same manner. Albritton v. State, 476 So.2d 158 (Fla. 1985). Therefore, we affirm the departure sentence entered herein.
SHIVERS and NIMMONS, JJ., concur.