THOMPSON, Judge.
Joyal appeals two consecutive guidelines sentences of five years each on grounds: (1) that the trial court failed to give clear and convincing reasons for departing from the recommended guidelines range, and (2) that the sentences imposed were excessive. We affirm.
On July 23, 1982 Joyal pled guilty to a charge of burglary of a conveyance. Adjudication of guilt was withheld and he was placed on probation for a term of five years. On March 20, 1984, appellant pled guilty to a charge of grand theft. He was adjudged guilty and sentenced to 364 days in jail to be followed by four years probation. On July 7, 1984, appellant pled guilty to charges of violating his probation in both cases. In the burglary case he was placed on community control and in the theft case his probation was continued. On January 3, 1985, Joyal was found guilty of violating both the probation and the community control. The probation and the community control were revoked and consecutive sentences of five years each were imposed.
As grounds for the departure from the recommended guidelines sentence the court stated that Joyal had shown a total disregard for the law, that he had been given many chances to straighten up his life and that he could have been sentenced as a habitual offender. Although the reasons given were not expressed in the clearest terms possible, the judge did state convincing and valid reasons for the departure. Joyal has a history of continuing criminal activity: committing a crime shortly after having adjudication of guilt withheld on his first crime, and then committing additional crimes shortly after being placed on probation and community control for other crimes. Based on this prior history and record, the trial judge could properly find that the recommended guidelines sentence would not be sufficient for rehabilitation or deterrence. Simmons v. State, 483 So.2d 530 (Fla. 1st DCA 1986); Hunt v. State, 468 So.2d 1100 (Fla. 1st DCA 1985); and Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984).
This court is now authorized to consider whether a sentence which departs from the guidelines is excessive even though it is a legal sentence. Albritton v. State, 476 So.2d 158 (Fla.1985). Although the sentence is substantial, we are unable to say from a review of the record that the sentence is so excessive as to constitute reversible error. We affirm.
MILLS and SMITH, JJ., concur.