488 So.2d 163 (1986)
Manny Malonzo CORTEZ, Appellant,
v.
STATE of Florida, Appellee.
No. BG-229.
District Court of Appeal of Florida, First District.
May 15, 1986.
Lacy Mahon, Jr. and Mark Mahon, Jacksonville, for appellant.
Jim Smith, Atty. Gen., John W. Tiedemann, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Cortez appeals from a conviction for two counts of possession of controlled substances. He contends the trial court erred in denying his motions for a judgment of acquittal on the cannabis possession count, in departing from the sentencing guidelines, and in denying his motion for a mistrial based on an alleged improper prosecutorial comment. We affirm in part and reverse in part.
On 16 April 1984, Cortez was charged by information with trafficking in cocaine in an amount between 28 and 200 grams (Count I) and with possession of more than 20 grams of cannabis (Count II). Both *164 offenses arose after a search warrant was executed at 3020 New Court South in Jacksonville on 14 April.
Four officers from the Jacksonville Sheriff's Office announced their presence at the residence at 11:30 p.m. and were met at the door by Cortez. After entering the living room, the officers encountered a white male who "did not live there" and consequently released him. Two children were discovered in the front bedroom of the house, and "Mrs. Janene Cortez" was discovered in the master bedroom.
Upon executing the warrant, the officers located one baggie of cocaine in plain view on the headboard of Ms. Cortez's bed and another baggie of cocaine in a suitcase nearby, approximately 58 grams total. Further, a garbage bag containing cannabis was found in plain view in a box on the floor beside Ms. Cortez's bed and another large baggie of cannabis was located on the closet shelf of the children's bedroom, approximately 11.6 pounds total. A set of scales and over $14,000.00 in cash were also found.
When the officers brought a baggie of cocaine into the living room and asked Cortez whether it was pure cocaine or cut, Cortez voluntarily replied, "That's cocaine. I don't have any cut in the house. I don't cut my cocaine."
During trial, Cortez twice unsuccessfully moved for a judgment of acquittal on the cannabis possession count contending that the state had failed to prove that he had either an ownership interest in the entirety of the residence searched or knowledge of and control over the cannabis discovered therein sufficient for a finding of constructive possession. In addition, Cortez made a motion for a mistrial following the prosecutor's comment in closing argument that:
[T]here's no requirement for the state to prove that [appellant] owned the house. Drug users usually work out of houses they rent from other people all the time.
Cortez's motion was denied; however, the comment was stricken and the jury instructed to disregard it.
The jury found Cortez guilty of possession of less than 28 grams of cocaine, a lesser included offense of Count I, and possession of greater than 20 grams of cannabis as charged in Count II. At the sentencing hearing, the trial judge announced his intention to depart from the guidelines recommended sentence of 0-12 months of any non-state prison sanction, and imposed a sentence of three years of imprisonment on the cocaine count and one year of concurrent imprisonment on the cannabis count. The judge gave the following reasons as his basis for departure:
(1) There were two young children residing in the home at the time of the arrest. The evidence showed that cocaine, marijuana and marijuana seeds were lying open on the floor of a bedroom and in the refrigerator, presenting a grave danger to the young children.
(2) Approximately fifty-six grams of cocaine and eleven pounds of marijuana were admitted into evidence against this defendant. Although the jury found the defendant only guilty of possession of cocaine which, at least by implication, indicates that the quantity was less than twenty-eight grams, nevertheless, the Court finds that whether the amount of cocaine found in the defendant's possession was fifty-six grams which was uncontroverted, or less than twenty-eight grams, the amount of cocaine indicated that it was for more than personal consumption.
(3) This Court is cognizant of the debilitating nature of cocaine and feels that the guidelines as relate to possession of a substantial quantity of cocaine inadequately reflect the serious nature of this charge and the danger to this community in general.
The state has failed to prove that Cortez was in actual or constructive possession of the marijuana found upon the execution of the search warrant. Constructive possession exists where the accused, without physical possession of the controlled substance, knows of its presence on or about his premises and has the ability to *165 maintain control over the said controlled substance. Brown v. State, 428 So.2d 250 (Fla. 1983).
In the instant case, there was no evidence presented to establish that Cortez knew of the marijuana's presence since it was found in closed containers. Chappell v. State, 457 So.2d 1133 (Fla. 1st DCA 1984), is controlling. In Chappell, manila envelopes containing drugs were found in various places within the defendant's apartment, including on the dining room table. The drugs were held not to be in plain view, however, since they were concealed by the envelopes. Likewise, in Cortez's case all of the marijuana discovered was concealed in cardboard boxes. Accordingly, we find the trial court erred in denying Cortez's motion for a judgment of acquittal on the cannabis possession count.
Addressing Cortez's second contention on appeal, we find the first two reasons supplied by the trial court for deviating from the sentencing guidelines are proper. See, Williams v. State, 454 So.2d 751 (Fla. 1st DCA 1984), and Irwin v. State, 479 So.2d 153 (Fla. 2d DCA 1985). The third reason for departure, however, must be found invalid. As worded, it merely reflects the trial court's disagreement with the level of punishment imposed by the guidelines.
Although the trial court relied upon an invalid reason, we are satisfied that the standard announced in Albritton v. State, 476 So.2d 158 (Fla. 1985), has been met. Therefore, Cortez's sentence as rendered is affirmed.
As to the third argument that Cortez has raised, we find the harmless error doctrine applies and affirm the trial court's denial of his motion for a mistrial. While the prosecutor's remark was improper, it was not so prejudicial in nature as to vitiate the entire trial. State v. Murray, 443 So.2d 955 (Fla. 1984).
Affirmed in part and reversed in part.
SMITH and THOMPSON, JJ., concur.