489 So.2d 121 (1986)
Edward CUMMINGS, Appellant,
v.
STATE of Florida, Appellee.
No. BG-358.
District Court of Appeal of Florida, First District.
May 19, 1986.
*122 Gilbert A. Schaffnit, Gainesville, for appellant.
Jim Smith, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Appellant, Edward Cummings, negotiated a plea to grand theft and was sentenced beyond the recommended range under the sentencing guidelines. He contends that the reasons for departure are insufficient. Once again we are required to reverse and remand for resentencing.
The following written reasons for departure were given by the trial judge:
1) extensive (sic) juvenile record; 2) prior felony incarceration; 3) number of cases dismissed as a condition of plea. (sic) amount (sic) to picture of a person who is a scofflaw. See transcript of Sentencing (sic) hearing to be forwarded.
The first ground is based upon several juvenile offenses, one of which occurred within the past three years and should have been, but was not, included on the sentencing guidelines scoresheet. There were, however, several other convictions beyond the three-year period which could not be included; therefore, we find no substantial reason to reject this ground for departure. Weems v. State, 469 So.2d 128 (Fla. 1985); rule 3.701(d)(5), Fla.R. Crim.P.
We hold that the remaining grounds are insufficient. The reference to prior felony incarceration is so tied to the prior conviction included in calculating the scoresheet that it is improper. Patty v. State, 486 So.2d 16 (Fla. 1st DCA 1986). The reference to the number of cases dismissed as a condition of the plea violates the requirement of the rule that no consideration be given to "factors relating to prior arrests without conviction" and "factors relating to the instant offenses for which convictions have not been obtained." Rule 3.701(d)(11), Fla.R.Crim.P. Characterization of the appellant as a "scofflaw" appears to be based on the facts recited in grounds one through three and adds nothing of substance, independent of those grounds, that would support departure.
The record containing nothing to convince us beyond a reasonable doubt that the trial judge would have given the same sentence irrespective of the impropriety of three of *123 the four grounds stated, we must remand for resentencing.
REVERSED AND REMANDED.
SHIVERS and BARFIELD, JJ., concur.