489 So.2d 180 (1986)
Kelly RIGGINS, Appellant,
v.
STATE of Florida, Appellee.
No. BF-261.
District Court of Appeal of Florida, First District.
May 29, 1986.
*181 Michael E. Allen, Public Defender, Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Riggins appeals, contending that the trial court did not give clear and convincing reasons for departing from his presumptive guidelines sentence. We reverse.
Appellant pled guilty to grand theft of the second degree. A guidelines scoresheet was prepared indicating a total of 57 points and a sentencing range of 2 1/2 to 3 1/2 years. The court imposed an aggravated sentence of 5 years incarceration, giving his reasons for departure in writing as follows:
1. The defendant has a prior history of theft and dishonest behavior which establishes a pattern of conduct that renders him a continuing and serious threat to the community.
2. The defendant has a poor performance record as a probationer as set forth in his presentence investigation report. His probation was required to be terminated after his having been placed on probation for five years for breaking and entering and petit larceny.
3. The defendant's past has demonstrated a continued behavior for dishonesty, including dealing in stolen property, forgery, and theft.
The trial court's order was rendered before the Supreme Court's recent decision in Hendrix v. State, 475 So.2d 1218 (Fla. 1985), in which the Supreme Court held that the trial court may not use the defendant's prior record as a reason for departure where the court has added points for the defendant's record when computing his guidelines score.
Other district courts of appeal have construed Hendrix to mean that when a reason given focuses primarily on the defendant's criminal record which has been factored into the defendant's guidelines sentence, that reason will be held an invalid basis for departure. Roberson v. State, 483 So.2d 528 (Fla. 5th DCA 1986) (criminal history and defendant's inability to live sober existence in nonstructured environment without violating the laws of society are insubstantial reasons for departure); Tillman v. State, 482 So.2d 603 (Fla. 5th DCA 1986) (conclusion that defendant had no intention of abiding by the law or probation based solely on defendant's extensive criminal record was not a permissible reason for departure); Scott v. State, 482 So.2d 607 (Fla. 5th DCA 1986) (defendant's prior criminal record of armed robbery indicating that he could not live within the framework of a free society without violating its law is invalid reason for departure); Fowler v. State, 482 So.2d 602 (Fla. 5th DCA 1986) (prior record indicating defendant has not and cannot live in a nonstructured environment and a free society without violating the law is insubstantial reason for departure); Nunez v. State, 482 So.2d 565 (Fla. 2d DCA 1986) (branding defendant an "irretrievable criminal" focused primarily on past offenses that had been factored into the scoresheet and therefore this reason could not be used as a basis for departure); and McCoy v. State, 482 So.2d 566 (Fla. 2d DCA 1986) (trial court's consideration of the defendant's extensive criminal history was an invalid reason for departure since defendant's prior convictions were taken into consideration in computing the recommended sentence).
However, the Second District Court of Appeal has held that Hendrix does not imply that a trial judge cannot depart from the recommended guidelines sentence where the defendant fails to respond to past rehabilitation efforts, continues to violate probation, and demonstrates escalating criminal involvement. Booker v. State, 482 So.2d 414 (Fla. 2d DCA 1985). See also, Smith v. State, 480 So.2d 663 (Fla. 5th DCA 1985) (where defendant's criminal record indicates an escalating pattern of more serious offenses, this constitutes a proper basis for departure). Also, the Second *182 District Court of Appeal has affirmed the trial court's departure if the reason is based on a defendant's long history of a particular type of crime (burglary) and failure to rehabilitate despite past probation. Dohn v. State, 482 So.2d 564 (Fla. 2d DCA 1986). See also, Adams v. State, 483 So.2d 121 (Fla. 2d DCA 1986) (departure is valid where defendant has displayed a pattern of behavior which reflects a flagrant disregard of the criminal justice system, is not able to meet the requirements of her many periods of probation, and has shown no intention of discontinuing her long string of bad checks).
While the Second District Court of Appeal has taken a more expansive view of Hendrix, the Fifth District Court of Appeal has taken a more strict approach and apparently has concluded, in effect, that where the trial judge merely reviews the defendant's prior criminal record and finds that because of its extent, form, content or pattern, the recommended guidelines sentence is not sufficient, departure cannot be upheld under Hendrix. E.g., Roberson v. State, 483 So.2d 528 (Fla. 5th DCA 1986), but see Keen v. State, 481 So.2d 1274 (Fla. 5th DCA 1986) (Cowart, J., dissenting).
This court recently held in Casteel v. State, 481 So.2d 72 (Fla. 1st DCA 1986), that a reason stating "the defendant's prior history of criminal activity and behavior establishes a pattern of conduct that renders him a continuing and serious threat to the community," is based factually on a defendant's prior convictions and current conviction and is therefore an improper basis for departure. See also, Smith v. State, 479 So.2d 804 (Fla. 1st DCA 1985) (violent pattern of conduct improper reason for departure where finding is factually based on prior convictions). But see, Moore v. State, 483 So.2d 37 (Fla. 1st DCA 1986) (defendant's pattern of criminality is clearly a violent pattern of conduct and makes him a serious danger to lawful and civilized society, and the totality of the facts and circumstances, together with the criminal history of the defendant and his criminal involvement, reflect that he is an ongoing danger to society and there is not a likelihood that he could be rehabilitated in his lifetime  held, valid reasons for departure).
More recently in Simmons v. State, 483 So.2d 530 (Fla. 1st DCA 1986), this court held the following to be valid reasons for departure:
(2) This defendant has twice been placed on probation prior to the latest violation of probation for which he is now being sentenced. His conviction is evidence that probation is not a sufficient or adequate deterrent from criminal activity.
(3) That the offense which constituted his latest violation of probation for which he is now being sentenced is a much more serious drug offense from that which he had previously been convicted. That is, he had escalated his drug related activities from possession of more than twenty (20) grams of cannabis to the sale of 28.1 grams of cocaine, as well as by possession of a lesser amount of cocaine.
(4) That from his record of continued violation of the drug laws, this defendant has shown a flagrant disregard for the laws of this state dealing with said offenses, and the maximum sentence under the guidelines, to wit: community control or 12-30 months incarceration, is unrealistic and totally inadequate to deter this defendant from further criminal activity as evidenced by his prior conduct.
The foregoing recitation of cases is by no means exhaustive, but it does illustrate the difficulty we face when trying to determine whether certain reasons given by the trial court are either valid or invalid reasons for departure. Although there is some inconsistency in the opinions of the district courts of appeal on this matter, and even in our own opinions, we discern the rule to be that when the primary focus of the trial court's reason for departure is the defendant's prior criminal record, even though framed in terms of the *183 extent or content of the criminal record, the reason is invalid if the prior convictions have already been factored into the defendant's guidelines score. However, this does not prohibit the trial court from departing if the defendant has engaged in escalating criminal conduct, repetitive criminal conduct of the same type (e.g., burglary, bad checks) with no indication of intention to cease this activity, or if the trial court has some other genuine articulable concern regarding the defendant's past criminal conduct which does not focus primarily on the mere existence of prior convictions. See Williams v. State, 484 So.2d 71 (Fla. 1st DCA 1986).
Accordingly, we find that the trial court's reasons number 1 and 3 are an improper basis for departure since they focus primarily on appellant's prior convictions which have already been factored into his presumptive guidelines sentence. Casteel v. State, 481 So.2d 72 (Fla. 1st DCA 1986). The trial court's reason number 2 is unconvincing since it appears to be given as justification for the imposition of a prison sentence over a non-prison sanction, whereas the deviation decision in this case does not involve that choice. Brooks v. State, 456 So.2d 1305 (Fla. 1st DCA 1984), decision approved, 476 So.2d 163 (Fla. 1985), and Burch v. State, 462 So.2d 548 (Fla. 1st DCA 1985), decision approved, 476 So.2d 663 (Fla. 1985).
The cause is reversed and remanded to the trial court for proceedings consistent with this opinion.
WENTWORTH, J., concurs.
BOOTH, C.J., dissents with opinion.
BOOTH, Chief Judge dissenting.
The majority opinion well outlines the divergent views on departure from the recommended guidelines sentence in cases such as this. I would affirm and uphold the sentence imposed below based on the cases of the Second District Court of Appeal interpreting Hendrix v. State, 475 So.2d 1218 (Fla. 1985). These cases appear to recognize the trial court's authority to evaluate the total picture presented by a defendant's past criminal record and to interpret that record in sentencing. That is the function of the trial court, and its determination should not be overturned in the absence of a clear violation of statutory requirements. Taken singularly or together, the reasons for departure here should, in my view, be sufficient.