492 So.2d 738 (1986)
Thomas St. Julian BAILEY, Appellant,
v.
STATE of Florida, Appellee.
No. BE-403.
District Court of Appeal of Florida, First District.
July 31, 1986.
*739 Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
BARFIELD, Judge.
In this appeal from sentences imposed for attempted second degree murder with the use of a weapon and false imprisonment with the use of a weapon, appellant asserts that the trial court erred in departing from the recommended guidelines sentence because its reasons for departure were not clear and convincing. We reverse and remand for resentencing.
Appellant was charged with attempted first degree murder, armed robbery, and armed kidnapping. The victim, a practical nurse, testified that appellant, who apparently worked for a neighbor, asked for a glass of water when she came home from work and then followed her into her apartment. Saying that the neighbor owed him money for cocaine and that he wanted to look for him in the bedroom, appellant slapped the victim, produced a kitchen knife and pushed her into the bedroom. She started to scream and he stabbed her twelve times; she fell to the floor and played dead, after which appellant waited, then stabbed her twice more in the back and left with her purse.
Although appellant testified that he was on cocaine, marijuana, and liquor when he went to the victim's apartment and "went crazy," that he did not intend to hurt her, and that he did not recall stabbing her and taking her purse, several police officers testified that appellant admitted having stabbed the victim and that he did not appear to be intoxicated.
After being instructed on the degrees of homicide and on voluntary intoxication, the jury found appellant not guilty of armed robbery, guilty of attempted second degree murder with the use of a weapon (a lesser offense of attempted first degree murder), and guilty of false imprisonment with the use of a weapon (a lesser offense of armed kidnapping).
A sentencing guidelines scoresheet was prepared, with a total of 242 points[1] and a presumptive sentencing range of 17-22 years. The victim testified at the sentencing hearing that she still suffered from physical incapacities (numbness in her right leg, weakness and partial loss of use of her left hand), as well as psychological effects (fear of being alone, distrust of people, inability to sleep, nightmares).
The court imposed the maximum sentences of 30 years for the attempted second degree murder[2] and 15 years for the false imprisonment, to run consecutively. The following written reasons for departure were given:
1. The testimony at trial indicated that the defendant stabbed the victim in this case twelve times.
2. The victim, in an effort to save her life, feigned death and fell to the floor. The undisputed testimony shows that the defendant waited ten to twenty seconds and then stabbed her two more times in the back as she lay on the floor.

*740 3. The Court finds that this defendant, as exhibited in the Pre-sentence Investigation, indicated that his reason for stabbing the victim was "he was pissed off".
4. This defendant's record indicates that he has been a drug addict his entire life and his testimony at trial indicates that he was taking drugs during the commission of this offense.
5. Furthermore, the defendant's record reflects numerous arrests and convictions involving knives and further reflects a prior conviction for Manslaughter for which the defendant was sentenced to ten years in 1970.
6. Defendant's record, as attached and incorporated herein, indicates this individual has, since 1959, demonstrated that he is completely unable and unwilling to live in an organized and free society and further, that he has absolutely no prospects for rehabilitation and any sentence less than the statutory maximum allowed would only endanger the citizens of whatever community he is released to (sic).
The first and second reasons, taken together, may be considered a valid justification for departure to the extent that they describe unscored circumstances surrounding the crime and indicate excessive force and cruelty, Mincey v. State, 460 So.2d 396 (Fla. 1st DCA 1984). See also, Gale v. State, 483 So.2d 53 (Fla. 1st DCA 1986); Davis v. State, 489 So.2d 754 (Fla. 1st DCA 1986), on motion for rehearing, at 757.
The third, fourth, fifth and sixth reasons are invalid. To the extent that the third reason evinces "a depraved mind regardless of human life", it is an element of attempted second degree murder, the offense for which appellant was convicted. To the extent that it indicates that the crime was committed without pretense of legal or moral justification or provocation, it is invalid under Scurry v. State, 489 So.2d 25 (Fla. 1986).
Under Scurry, the fact that appellant was taking drugs during the commission of the offenses cannot be used as a valid reason for departure, since voluntary intoxication is a defense to the charge of attempted first degree murder and it is "an abuse of discretion to take what could cause a jury to find a defendant guilty of a lesser offense than that charged and use it to aggravate him." Id. at 29.
Hendrix v. State, 475 So.2d 1218 (Fla. 1985), and its progeny prohibit the use, as justification for departure, of factors already taken into account in calculating the recommended guidelines sentence, including prior convictions. To the extent the trial court's fifth reason takes into account prior convictions already considered in determining the presumptive sentence, or arrests for which convictions were not obtained, this reason is invalid. State v. Mischler, 488 So.2d 523 (Fla. 1986).
Similarly, because the primary focus of the trial court's sixth reason is appellant's prior criminal record, this reason is also invalid. Riggins v. State, 489 So.2d 180 (Fla. 1st DCA 1986). In Riggins, the court noted the inconsistency in the opinions of the district courts of appeal on this matter, and even in our own opinions,[3] but construed *741 Hendrix as establishing the following rule:
[W]hen the primary focus of the trial court's reason for departure is the defendant's prior criminal record, even though framed in terms of the extent or content of the criminal record, the reason is invalid if the prior convictions have already been factored into the defendant's guidelines score. However, this does not prohibit the trial court from departing if the defendant has engaged in escalating criminal conduct, repetitive criminal conduct of the same type (e.g., burglary, bad checks) with no indication of intention to cease this activity, or if the trial court has some other genuine articulable concern regarding the defendant's past criminal conduct which does not focus primarily on the mere existence of prior convictions.
489 So.2d at 182-83.
Although the victim's physical injuries were considered in calculating the recommended guidelines sentence, and therefor could not be used to justify departure, the emotional trauma apparently suffered by the victim could have been cited by the trial court as a valid reason for departure. See, for example, Stewart v. State, 489 So.2d 176 (Fla. 1st DCA 1986); Wright v. State, 487 So.2d 1176 (Fla. 1st DCA 1986); Brooks v. State, 487 So.2d 68 (Fla. 1st DCA 1986); Davis v. State, 489 So.2d 754 (Fla. 1st DCA 1986); Crapps v. State, 483 So.2d 544 (Fla. 1st DCA 1986); and Casteel v. State, 481 So.2d 72 (Fla. 1st DCA 1986).
Because both valid and invalid reasons for departure were given and the state has not demonstrated that the absence of the invalid reasons would not have affected the departure sentence, Albritton v. State, 476 So.2d 158 (Fla. 1985), mandates that the sentence be REVERSED and the case REMANDED for resentencing.
SHIVERS and ZEHMER, JJ., concur.
NOTES
[1] 21 points were scored for severe victim injury.
[2] With credit for 200 days served.
[3] The following reasons for departure have been considered valid by this court:

The recommended sentence is insufficient for retribution, rehabilitation or deterrence, Chaplin v. State, 488 So.2d 555 (Fla. 1st DCA 1986); Joyal v. State, 488 So.2d 611 (Fla. 1st DCA 1986); The defendant has shown a flagrant disregard of the laws and the guidelines sentence is inadequate to deter him from further criminal activity, Simmons v. State, 483 So.2d 530 (Fla. 1st DCA 1986);
Defendant is an ongoing danger to society, not likely to be rehabilitated, Moore v. State, 483 So.2d 37 (Fla. 1st DCA 1986);
A narrative of frequent contacts with the criminal justice system, which the court found to be more than a mere reference to the defendant's prior record, Williams v. State, 484 So.2d 71 (Fla. 1st DCA 1986).
However, the following reasons for departure have been considered invalid by this court:
The guidelines inadequately reflect the serious nature of the charge and the danger to the community in general, Cortez v. State, 488 So.2d 163 (Fla. 1st DCA 1986);
The defendant had previously been sentenced to prison and had not been rehabilitated, Fain v. State, 488 So.2d 169 (Fla. 1st DCA 1986); Prior history indicates rehabilitation not possible, protection of society requires restraint, Harris v. State, 489 So.2d 838 (Fla. 1st DCA 1986);
A pattern of conduct (prior history of theft and dishonest behavior) rendering the defendant a continuing and serious threat to the community, Riggins v. State, 489 So.2d 180 (Fla. 1st DCA 1986);
Prior felony incarceration (tied to prior conviction factored in scoresheet), Cummings v. State, 489 So.2d 121 (Fla. 1st DCA 1986);
The defendant has not demonstrated the ability to govern himself by the laws, Chaplin v. State, 488 So.2d 555 (Fla. 1st DCA 1986);
Defendant's inability to conform his behavior to acceptable norms, Brooks v. State, 487 So.2d 68 (Fla. 1st DCA 1986);
A pattern of conduct rendering the defendant a threat to the community, Casteel v. State, 481 So.2d 72 (Fla. 1st DCA 1986);
A significant prior record, Battles v. State, 483 So.2d 849 (Fla. 1st DCA 1986);
An extensive arrest record and numerous prior convictions, Cason v. State, 481 So.2d 1006 (Fla. 1st DCA 1986);
"Chances for rehabilitation are nil", Scobee v. State, 488 So.2d 595 (Fla. 1st DCA 1986).