DOWNEY, Judge.
Appellant was convicted of robbery and sentenced to twenty years in prison, although the guidelines sentencing range was twelve to seventeen years in prison. The stated reason for departure was the finding that appellant was an habitual offender. Since the imposition of sentence in this case the Supreme Court of Florida has disapproved habitual offender status as a valid reason for departure in Whitehead v. State, 498 So.2d 863 (Fla.1986). Therefore, the cause must be reversed for resentenc-ing.
Appellee argues that it is obvious from the trial judge’s well considered order on sentencing that the trial judge had more in mind in departing than the habitual offender status. The court went to great pains to point out the immediacy with which appellant committed a new serious crime each time he was released from custody. Although numerous cases have held that temporal circumstances such as a pattern of committing a new crime within a short period of time following release from incarceration is a valid consideration in departing from the sentencing guidelines, e.g., Sabb v. State, 479 So.2d 845 (Fla. 1st DCA 1985); Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984), we are unable to determine whether the trial court would have departed from the guidelines absent the habitual offender reason. Albritton v. State, 476 So.2d 158 (Fla.1985).
Accordingly, we reverse the sentence appealed from and remand the cause to the trial court for resentencing as it may be advised.
REVERSED AND REMANDED.
HERSEY, C.J., and STONE, J., concur.