SHIVERS, Judge.
The appellant in this case pled nolo contendere to two counts of possession of crack cocaine and one count of possession of cocaine paraphernalia. On December 3, 1987 he was sentenced to thirty months incarceration followed by thirty months probation on each of the possession of cocaine charges, and to 364 days incarceration on the possession of paraphernalia charge, all to run concurrently. In addition, the trial court made an oral announcement at the sentencing hearing of the imposition of $1,775 in unspecified court costs.
We agree with the conclusion reached in defense counsel’s Anders[1] brief that the court imposed a legal guideline sentence, since the incarcerative portion of the split sentence falls within the 12-30 month guideline range, and the total of the incar-cerative and probationary periods does not exceed the term provided in section 775.-082(3)(d), Florida Statutes for third-degree felonies. Fla.R.Crim.P. 3.701(d)(12), Committee Note. Upon review of appellant’s and appellee’s supplemental briefs,[2] however, we reverse the trial court’s imposition of costs, finding that appellant was not given adequate notice and opportunity to be heard as required by Jenkins v. State, 444 So.2d 947 (Fla.1984). We therefore affirm in part, reverse, and remand for the trial court to either strike the imposition of costs or to provide appellant with notice and an opportunity to object.
WENTWORTH and MINER, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. This court requested supplemental briefs on the issue of costs, pursuant to State v. Causey, 503 So.2d 321 (Fla.1987), after an examination of the record revealed an apparently meritorious issue not raised in the Anders brief.