PER CURIAM.
Appellant, Bernard E. Walker, appeals his conviction and the sentence imposed after a jury found him guilty of trafficking in cocaine. The errors allegedly committed by the trial court include: (1) the trial court’s failure to investigate whether new defense counsel should be appointed after appellant alleged that his counsel was prejudiced against his case; (2) the trial court’s imposition of a departure sentence, and (3) the trial court’s imposition of costs and other assessments without giving appellant notice of its intention to do so and without making a determination that appellant had the ability to pay. We AFFIRM in part and REVERSE in part.
Appellant’s first point on appeal is without merit. At the time appellant alleged that his counsel was prejudiced against his ease, the trial court informed appellant that there had been a change in representation. The allegedly prejudiced attorney had left the Public Defender’s Office and new counsel had been appointed to represent appellant. No allegations of prejudice were directed against appellant’s newly appointed counsel. Thus, the trial court was not required to undertake an investigation as to whether counsel should be replaced, and we affirm the trial court on this issue without further elaboration. However, the trial court’s imposition of a departure sentence and its assessment of court costs are issues that merit further attention.
On November 3, 1986, appellant was arrested after police found approximately eighty-three grams of cocaine on his person. Appellant was charged with trafficking in more than 28 grams of cocaine and was convicted on September 24, 1987, following a jury trial. On December 14, 1987, a sentencing hearing was held. Although appellant’s scoresheet indicated a guideline sentence of five and one-half to seven years, the trial .court found clear and convincing reasons supporting departure. Specifically, the trial court took note of appellant’s escalating pattern of criminal activity, his return to the country in violation of the court’s order, and the fact that his crime was committed shortly after his release on bond for a still-pending charge. Appellant was sentenced to 15 years in prison, which included a three year mandatory minimum, to be followed by 15 years on probation. In addition, appellant was fined $50,000 as required by section 893.-135(l)(b)(l), Florida Statutes (1985), and was assessed $200 for court costs, $20 for the Crimes Compensation Trust Fund, and $2 for the Law Enforcement Education Fund.
On December 22, 1987, the trial court issued its written departure statement nunc pro tunc to December 14.[1] The state *1223 ment repeated the three grounds discussed at the sentencing hearing, but also provided specifics concerning appellant’s escalating criminal activity. The court found that appellant began in 1983 with a conviction for possession of cannabis with intent to sell. This was followed in 1984 with felony possession of cannabis, and in 1986 with possession and delivery of cannabis. Although the court cited numerous other run-ins with authority, none but the sentenced offense of trafficking in over 28 grams of cocaine resulted in conviction.
Initially, appellant maintains that the written departure opinion was not sufficiently contemporaneous with the pronouncement of sentence and that the delay constitutes reversible error. Although a contemporaneity requirement is by now well established, this court has treated the requirement as only a part of the larger inquiry as to whether the defendant was adequately apprised of the reasons for departure in accord with his due process rights. Thus, this court has held that delays longer than the eight days involved in the instant case constituted harmless error provided the defendant was adequately apprised of the trial court’s reasons for departure at sentencing. See Moore v. State, 538 So.2d 123 (Fla. 1st DCA 1989) (a ten day delay); Williams v. State, 531 So.2d 212 (Fla. 1st DCA 1988) (a delay of nearly one month). Even if the eight day delay was outside the bounds of contemporaneity, the transcript of the sentencing hearing indicates that appellant was adequately apprised of the reasons for departure. Thus, any error was harmless.
Appellant also argues that the trial court erred in imposing a departure sentence since the grounds for departure were neither clear nor convincing nor proven beyond a reasonable doubt.
Although the trial court’s first reason for departure, an escalating pattern of criminality, is a valid and recognized basis for departure, its application is not supported by the facts of this case. Of the eight arrests referred to in the departure statement, three were not prosecuted and one was still pending. Rule 3.701(d)(11), Florida Rules Criminal Procedure, prohibits the sentencing court from considering offenses for which no conviction has been obtained. When only the four convictions are taken into account, there is little to support a finding of an escalating pattern. Appellant’s convictions included possession of cannabis with intent to sell in 1983, possession of cannabis in 1984, possession and delivery of cannabis in 1986, and the instant offense of trafficking in 83.1 grams of cocaine which was also committed in 1986. In Cox v. State, 508 So.2d 1318, 1320 (Fla. 1st DCA 1987), this court observed that in the typical case where a defendant’s escalating pattern of criminality has been approved as a valid basis for departure, the defendant graduated from relatively minor property crimes,to serious violent crimes against persons. See also Keys v. State, 500 So.2d 134 (Fla.1986); Hester v. State, 503 So.2d 1342 (Fla. 1st DCA 1987).
In support of its departure sentence the trial court cites Simmons v. State, 483 *1224 So.2d 530 (Fla. 1st DCA), review denied, 492 So.2d 1335 (1986), wherein this court found an escalating pattern based entirely on drug activities. The panel that decided Simmons, however, did not have the benefit of referring to later decisions in Keys, Cox and Hester. Based upon these later decisions, we are unable to find that appellant’s drug activities constitute an escalating pattern of criminality which would justify a departure sentence.
The trial court’s second reason for departure, a continuing pattern of illegal behavior, is also inapplicable to the facts of the instant case. The trial court cites both Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984), and Williams v. State, 507 So.2d 1200 (Fla. 4th DCA 1987) to support a departure based upon appellant’s commission of the offense while he was out on bond for a still pending offense. However, in Swain and Williams, the sentenced offense was committed shortly after release from incarceration. To extend this rationale to release on bond would violate Rule 3.701(d)(11), Florida Rules Criminal Procedure, in that the court would be taking into consideration offenses which have not resulted in conviction.
The trial court’s last reason for departure, appellant’s return to the U.S., is also not supported by the record. It should be noted that this is not a departure based upon the appellant’s illegal presence in the country. Although illegal presence has been found to be a valid basis for departure, Viera v. State, 532 So.2d 743 (Fla. 3rd DCA 1988), there is nothing in the record which indicates that appellant’s presence was illegal. The only reasonable interpretation of this portion of the departure statement is that the appellant violated an order of the court. Since there is no evidence of such an order in the record, there is insufficient evidence to support this portion of the departure statement.
Finally, appellant asserts as error the trial court’s imposition of costs and other assessments without first giving appellant notice of its intention'to do so and without making a determination as to the appellant’s ability to pay. The state concedes that this was error, and we agree. Jenkins v. State, 444 So.2d 947 (Fla.1984) requires that the trial court give notice of its intent to assess costs and then make a finding that the defendant has the ability to pay. Accord Williams v. State, 538 So.2d 541 (Fla. 1st DCA 1989). However, the decision in Jenkins was without prejudice to the state to tax the costs after complying with the required procedures. Thus, we remand to give the trial court the opportunity to comply with Jenkins.
In sum, we affirm the trial court’s refusal to further inquire into appellant’s allegations that his former defense counsel was prejudiced against his case. However, we must reverse the departure sentence and remand for imposition of a sentence within the guidelines since we find that all three of the trial court’s bases for departure are unsupported by the record. In addition, we reverse the trial court’s imposition of costs and remand for compliance with Jenkins.
SMITH, THOMPSON and MINER, JJ., concur.

. The trial court explained its reasons for departure as follows:
1. The Defendant at sentencing challenged three (3) misdemeanor convictions contained in the PSI (the 1981 drug convictions in New York City). Even assuming those convictions do not belong to the Defendant, the Defendant’s escalating drug activity is clear. In 1983, the defendant was arrested and convicted of Possession With Intent to Sell Cannabis and sentenced to 2 years probation. That probation was later revoked. In 1984 the Defendant was arrested for Felony Possession of Marijuana and placed on probation concurrent with the 1983 case. Similarly, his probation was revoked in the 1984 case. One month later in 1984, the Defendant was arrested and charged with Possession of Marijuana, Resisting Arrest Without Violence and Obstructing a Police Officer/Disguised Person. Those charges were dropped. Also in December 1984, the Defendant was arrested in Tallahassee and charged with Possession of Cocaine; this charge was dropped. The Defendant was deported to Guyana by INS in lieu of prosecution for the next charge of Felony Possession of Cannabis. In April 1986, the Defendant was arrested and convicted of Possession and Delivery of Marijuana. In July 1986 the Defendant was arrested un *1223 der the name of Dennis Johnson in Tallahassee and charged with Possession of Marijuana with the Intent to Sell. That case is still pending. While out on bond in the July 1986 case, the Defendant was arrested on the charges before the Court on sentencing. This newest conviction, Trafficking in 83.1 grams of Cocaine, indicates the Defendant has escalated his drug-related activities from Felony Possession of Cannabis to Trafficking in Cocaine. This escalation is a clear and convincing reason for departure. Simmons v. State, 483 So.2d 530 (Fla. 1st DCA 1986). Accord, Smith v. State, 480 So.2d 663 (Fla. 5th DCA 1985).
2. The defendant's drug-related activity shows that this is a continuing pattern of illegal behavior. The timing of the series of crimes, i.e. the temporal circumstances of the defendant committing this crime within such a short time of his release on bond in the still-pending Possession With Intent to Sell case, is a clear and convincing reason for departure. Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984); Williams v. State, 507 So.2d 1200 (Fla. 4th DCA 1987).
3. In Case No. 84-4245, the Defendant (then using the name Thomas Walter Garvey) was deported to Guyana by INS. The Defendant violated an order of this Court by returning to this country. This is a clear and convincing reason for departure.